Shaw, C. J.
This is a writ of error, brought to reverse a judgment, rendered by the court of common pleas for the county of Middlesex, against the plaintiff in error, on an indictment for manslaughter.
When this case first came before the court, with a return of the record upon the writ of error, upon motion of the Attorney General, founded upon a suggestion of diminution of the record, a writ of certiorari was ordered, though opposed by the counsel for the plaintiff in error, directed to the chief justice of the court of common pleas, requiring the entire record to be certified and returned to this court. On the return of the certiorari, the record, amended and completed, was’ returned, whereby several of the mere formal errors, that were assigned, were obviated.
Several errors assigned on the record, were waived on the argument.
The first error relied upon is, that it does not appear by the record’, that the term of the court, at which this indictment was returned and tried, was held for the transaction of criminal *233 business. The argument is, that, as certain designated terms of the court of common pleas for the county of Middlesex are appropriated to criminal business, and certain others to civil, it should appear on the record, that the indictment was found and tried at a term held for criminal business; and that, fcr aught which appears on this record, this indictment may have been found at a term of the court held for civil business, at which it had no jurisdiction.
The answer, we think, is obvious. These terms are fixed by law, and the laws organizing courts of general jurisdiction, and fixing their terms, are general laws, of which courts will judicially take notice. When, therefore, the term is stated on the record, at which the indictment was found, and it appears by the law establishing its terms, that that was a term for criminal business, it sufficiently appears that such was the fact, and that the court had jurisdiction.
The next error assigned is, that it does not appear by the record, that the indictment was found by the grand jury, or that it was found by twelve or more, or that the grand jury were sworn.
Courts are bound to take notice of general laws, directing the mode in which grand juries are empannelled and sworn. In the county of Middlesex, the grand jurors are empannelled to serve for a year, at several successive terms. It now appears by the record, that a grand jury was sworn and empannelled to serve for a period including the term at which this indictment was found. The indictment states; in the usual form, that the jurors on their oath present, &c.; and this is authenticated by the signature of the foreman, certifying it to be a “ true bill.” Such certificate is the proper evidence that it was found by twelve or more grand jurors; it would not be a true bill otherwise. It is the legal import of the certificate, that it was adopted and sanctioned by twelve or more; and as all were sworn, it follows, that it was found and returned by twelve or more sworn grand jurors. We are not aware that it is usual 'or necessary to insert, in the record of each case, the names of the grand jurors. The certificate of the foreman authenticates the act of *234 the body. It could not aid a defendant in exercising a right of challenge; for if he has any right of challenge, it must, to be of any benefit to him, be exercised before the return of the indictment. He may always know, from the general record, who the grand jurors, for the time being, are.
The next error relied on is, that it does not appear by the record, that the mortal blow was given by the defendant in the county of Middlesex.
This is a mere question of grammatical construction. It is undoubtedly a rule in criminal pleading, that every material fact must be laid with a venue, and be charged as done at some time "and place. This is usually done, after the time and place have been definitely stated, by the words “ then and there.” In this indictment, the assault is averred, technically, at a time and place, thereby “giving,” &c. the mortal blow. The present participle is often thus used as an express averment. We think that without violence to the grammatical construction, the whole may be read as one sentence, averring facts done simultaneously, so that the terms “ then and there ” apply to all the facts thus averred. The words are, “ then and there feloniously and wilfully did strike, penetrate, and wound, giving to the said Lawrence, by the casting and throwing, &c., one mortal wound,” &c.
As to the other point, the word “ with,” as applied to the stone cast and thrown, the word as it stands is superfluous, and renders the sentence ungrammatical, but not unintelligible^ But the next is an express averment, which makes it good. It states “ that the said Turns him the said Lawrence, with the stone aforesaid, so as aforesaid cast, &c., did strike and wound, giving,” &c.
Another omission relied on as error is, that it does not appear by the record that the prisoner was tried, and the verdict rendered, on the oath of twelve men ; and that the record does not contain the names of the jurors by whom he was tried, nor show that they were good and lawful men.
This is a matter of usage and practice, and each State, in ♦his respect, may have its own regulations; and the practice o< *235 one will have little weight, as authority, in any other. In this Commonwealth, there appears to have been considerable diversity of practice in different counties, as to inserting the names of the jurors in the record, and a similar diversity in the same county, at different periods. But there is no positive rule of law, requiring the names of the jurors to be inserted in full, in the record of each particular case. It is a convenient practice, and one proper to be recommended and observed; and in most counties it is adopted; but in point of law, the court are of opinion that the want of it is not error, for which the judgment may be reversed. In criminal practice, the jury is empannelled m each particular case. Rev. Sts. c. 95, <§> 23. Every person tried therefore knows the name of every person in the panel as he is called, and, if he has cause of challenge, he may make it. If he has cause of challenge to a juror not then known, but discovered afterwards, and would rely upon it to set aside the verdict, the fact, like any other matter of fact not apparent on the record — for instance, the fact which constitutes the ground of exception to the juror.— may be brought to the knowledge of the court, by affidavit, or other evidence aliunde.
The jurors having been duly returned, and sworn without objection, the legal presumption is, that they were twelve good and lawful men.
The last error assigned and relied upon is, that the prisoner was convicted by two names, to wit, John Turns, alias Turns Dunning.
It is certainly a common practice for the grand jury to insert two or more names, under an alias, designating the person by the names best known to them. If, on his arraignment, he does not plead in abatement, he admits himself rightly designated by the names stated. The issue for the jury of trials is, not what is the individual’s name, but whether the person, who has pleaded in chief, on his arraignment, is guilty of the offence charged upon him. The conviction, therefore, must follow the indictment. The exception can be taken only in abatement. 2 Hawk. c. 23, § 125; c. 25, § 69. Scott v. Soans, 3 East, 111. In the present case, the prisoner appeared and pleaded in chief *236 taking no exception to the name. Had he chosen to plead in abatement, the grand jury might then have amended their bill of indictment, and found and returned it anew. Besides; it might be a benefit to a party, who had been known by two names, to have both inserted, in order the better to protect him from another prosecution, for the same offence, if again indicted in either name.

Judgment affirmed