STATE OF MISSOURI, Respondent, *v.* PHILIP OCHSNER, Appellant.

### June 8, 1880.

1. Objections to an information presented in a motion to quash will not be considered, on appeal, unless renewed by motion in arrest.

2. To establish the offence of selling a lottery ticket it is sufficient to show that the paper was bought and sold as a lottery ticket.

3. Evidence of the sale by the defendant of similar papers, and that such transactions always implied a lottery venture, is competent as tending to show the character of the ticket sold and the intent and understanding of the parties.

APPEAL from the St. Louis Court of Criminal Correction, CADY, J.

*Affirmed.*

J. G. LODGE and C. C. SIMMONS, for the appellant.

V. W. KNAPP and M. W. HOGAN, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The defendant was charged with selling and exposing to sale, etc., lottery tickets, in violation of sect. 28, p. 503, of Wagner's Statutes. The information follows closely the language of the statute, as well as the form of those in *The State* v. *Hindman*, 4 Mo. App. 582, and *The State* v. *McWilliams*, 7 Mo. App. 99. In those cases, the informations were sustained by this court against the chief objections which are here raised against the present information. We see no reason for receding from the conclusions reached on the former occasions, and therefore reaffirm them. Some additional objections to the information were presented in a motion to quash, but as they were not renewed by the motion in arrest of judgment they cannot be considered on appeal. *The State* v. *McWilliams, supra; The State* v. *Conrad*, 21 Mo. 271.

It is urged for error by the defendant that the paper alleged to be a lottery ticket which the defendant had sold was ad-

mitted in evidence without proper identification.   There can be no doubt that there was sufficient testimony on the question of identity to sustain the finding of the jury.   A witness, holding the paper in his hands, recognized it by its contents, and by his own initials placed upon it at the time of the purchase, as the same which he had received from the defendant and paid him for.   It is objected, further, that the paper does not on its face purport to be a lottery ticket, or, as the court instructed, "a writing purporting to give the holder a sum of money or property in the event of the happening of the contingencies named on the ticket."   We think that the instruction on this point, although given at the State's instance, yielded too much to the defence.   Legislation against the sale of lottery tickets would be all in vain if the ticket in every instance must express on its face, with the distinctness of a promissory note or bond, the obligation to the purchaser assumed by the seller or those whom he represents.   It would be easy to adopt a symbol or symbols wholly without meaning except as understood by agreement between the parties, or as arbitrarily assumed by the lottery-keeper and blindly trusted in by the purchaser, for an assurance of the prize which may fall to its number.   Such, in fact, appears to have been the sort of evasion attempted in the present case.   The paper in testimony contained nothing intelligible except the words "Missouri State Lottery," and some directions about seeing that the numbers were properly entered on the register; yet all the testimony tended to show that the witness bought it, and the defendant sold it, as a lottery ticket.   The place kept by the defendant, where it was sold, was described as a "lottery office."   Each witness declared that it was in fact a lottery ticket.   One testified that he had frequently purchased similar papers, and had seen them bought from the defendant by other persons, and, in effect, that the transaction always implied a lottery venture.   The only difference, if any, between the tickets was in the distinctive numbers placed upon

each at the time of the sale. All this testimony is objected to as incompetent and inadmissible; but it has the sanction of both principle and authority. While there may be no direct evidence of a contract between the parties, whereby the buyer was guaranteed a prize on the happening of a certain contingency, yet the whole drift of the testimony shows that such was the understanding and intent of both buyer and seller. In *Thomas* v. *The People*, 59 Ill. 160, the ticket sold read thus : "This ticket is a receipt, $5, in payment for and delivery of a copy of a steel-plate engraving, and admission to our concerts and lectures, for which it is sold." Here was not a word by which the paper "purported" to be a lottery ticket, or to give the holder any money or property upon the happening of any contingency named therein ; but it was held proper to show by other papers and by surrounding circumstances that the paper in question was sold and received as a ticket in a lottery about to be drawn. In the present case the testimony was of a different sort ; but, inasmuch as it had a legitimate tendency to establish the character and purpose of the paper, the finding of the jury upon its character and purpose cannot be impeached. In *The State* v. *Hindman*, 4 Mo. App. 582, this court said : "If the defendant sold to the purchaser a slip of paper bearing characters which represented, or were intended to represent, the purchaser's title to a prize which might fall to such characters in a lottery then intended to be drawn, the offence, under the statute, was complete." The testimony to the effect that the defendant had sold other and similar tickets to other persons was properly admitted, for the purpose of proving intent. It stands upon the same footing as that in cases of forgery, by which it may be shown that the defendant has committed other forgeries and fraudulent utterings. 1 Whart. Cr. Law (8th ed.), sect. 717 ; 1 Greenl. on Ev., sect. 53 ; *Thomas* v. *The People*, *supra*.

We find in the record no error against the defendant. All the judges concurring, the judgment is affirmed.