STATE OF MISSOURI, Respondent, *v.* ANTON SELLNER, Appellant.

March 17, 1885.

1. CRIMINAL LAW—LOTTERIES—SUFFICIENCY OF PROOF.—Evidence that the defendant sold a paper containing certain figures, that he kept a memorandum of those figures in a book, that he had previously been engaged in the lottery business, and that a paper was found in his pocket headed "Result of race 48", is not sufficient to warrant a conviction for selling lottery tickets.

2.—JUDICIAL NOTICE.—Courts will not take judicial notice that "policy" is a species of lottery.

3.—APPELLATE PRACTICE.—The evidence being insufficient to sustain a conviction, the accused will be discharged on appeal, where the cause was fairly tried.

APPEAL from the St. Louis Court of Criminal Correction, NOONAN, J.
*Reversed and the defendant discharged.*
J. W. COLLINS, for the appellant.
J. R. CLAIBORNE, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is a proceeding on information under section 1567, Revised Statutes, 1879, which subjects any one who sells, or aids or assists in selling, or is in anywise concerned in the sale of a lottery ticket, to a fine not exceeding one thousand dollars.

The defendant was tried in the court below, found guilty of the offence charged in the information, and sentenced to pay a fine of two hundred dollars. The main complaint made by him here, is that the evidence was legally insufficient to warrant his conviction.

The information charges defendant with the sale of a certain lottery ticket, in a certain lottery and device in the nature of a lottery known as "Policy" at the price of twenty-five cents, whereby certain property of great value, to-wit: eight dollars, was to be disposed of by lot or chance. The sufficiency of the form of the information has heretofore been adjudged by this court in *State* v.

*Hindman* ( 4 Mo. App. 582 ), and *State* v. *Mc Williams* ( 7 Mo. App. 99 ) ; and is conceded by defendant.

The evidence offered on behalf of the state clearly established that the defendant did sell, or did aid in selling, at the date mentioned in the information, for the price of twenty-five cents, a certain ticket or slip of paper containing the figures 9, 33 and 9,–30,–33 upon it ; and also that on the same day a book was found in defendant's possession containing the following entries in defendant's handwriting : 9,–33,–5, and 9,–33,–30,–20. There is absolutely no evidence, however, showing or tending to show that the ticket thus bought entitled the purchaser to any chance in any property to be disposed of, of the value of eight dollars or of any value. There is no evidence from which the jury were legally warranted to draw the conclusion that any drawing or disposition of property by chance was intended ; and while some of the witnesses do testify that they do understand ''policy,'' and that they have played policy before, they fail to communicate their understanding of the word to either court or jury, and fail to state what playing at policy means, or whether or no policy is a species of lottery, or whether this transaction is what they mean by policy.

Important as it is to bring offenders against this section of the law to trial and punishment, it is certainly of no less importance that men should not be deprived of their liberty or property on mere surmise or suspicion. The triers of the fact must base their finding upon legal evidence in the trial of both civil and criminal cases. A lottery is a scheme for the distribution of prizes by chance (*Dunn* v. *The People*, 40 Ills. 467 ) ; and before any one can be legally convicted of the offence charged in this information, he must be shown to have aided in some manner in such a scheme. This fact, as the court held in *State* v. *Hindman* (*supra*), and *State* v. *Ochsner* ( 9 Mo. App. 216, 217), need not be established by direct evidence, but may be proven by circumstances from which the inference of guilt may lawfully be drawn on the theory of presumptions. But it will hardly be contended

that the mere facts that defendant sold a slip of paper with certain figures upon it, and that he preserved the same figures in a book kept by himself, coupled with the fact that some time prior thereto he was engaged in the lottery business, and that a paper headed "Result of race 48" was found in his pocket, are circumstances from which the inference of his guilt may lawfully be drawn.

As all the testimony offered by the state, even if true, did not warrant a conviction, the judgment must be reversed and the defendant discharged. It is so ordered. All the judges concur.