## STATE OF MAINE *vs.* C. WILLIS, JR.

### Kennebec. Opinion December 30, 1885.

*Indictment. Lottery. Nuisance. Pleading.* " *Then and there.*"

"It is not necessary to the validity of an indictment for maintaining a lottery-nuisance, that the name of the prosecutor (interested in the penalty) should be either inserted in or indorsed upon the indictment.

⹁A′ count in an indictment is not ill for duplicity, which avers that the defendant was engaged in "a lottery, scheme or device of chance;"· a lottery is a scheme and device of chance.

A count is not amenable to the objection of duplicity, which avers that the defendant printed, published and circulated an advertisement of a lottery. It is a single offence — that of nuisance — no matter in what form the defendant's participation consists. The count describes the means by which his guilt may be proved.

A scheme is none the less a lottery, because it promises a prize to each ticket holder, the prizes to be drawn being of different values; nor because prizes are called presents in the prospectus; nor because the tickets consist of receipts for subscriptions to a newspaper, but numbered to compare with the numbers upon the articles to be distributed.

A count, which charges a defendant with inserting a lottery advertisement in a newspaper published in New York, and circulated in this state, without an averment that the defendant had something to do with its circulation in this state, is bad upon demurrer.

It is averred against the defendant, that, at a place and on a day named, he was concerned in a lottery by selling a ticket to one Henry May; the count describing the lottery and ticket. It would have been more finished pleading to allege that he was so concerned by " then and there " selling the tickets. But the law, not standing upon such nicety, regards the omitted words as immaterial.

The lottery ticket may be set out in an indictment by copy, and, if it does not appear upon its face to be a ticket, it may be alleged and proved to be such.

On exceptions from the superior court.

The exceptions were to the *pro forma* ruling of the court in overruling defendant's demurrer to the indictment.

The facts are sufficiently stated in the opinion.

*W. T. Haines,* county attorney, for the State, cited : *Com.* v. *Eaton,* 15 Pick. 273 ; *Com.* v. *Harris,* 13 Allen, 534 ; *Barnes* v. *State,* 20 Conn. 232 ; *Com.* v. *Hooper,* 5 Pick, 42 ; *Com.* v. *Dana,* 2 Met. 329 ; 64 Maine, 423 ; Whar. Cr. L. § § 2428 – 2432 ; 2 Bish. Cr. L. § 945.

*H. M. Heath,* for the defendant, contended that the indictment should have disclosed the name of the prosecutor. The opinion in the case of *State* v. *Smith,* 64 Maine, 425, does not seem to be supported by the cases there cited. The case at bar however is different from that and the cases there cited. *Com.* v. *Messenger,* 4 Mass. 462, cited approvingly in *State* v. *Grand Trunk Railway,* 60 Maine, 145, would seem to be precisely in point. The court say : " If the statute had authorized a proceeding by information in any court of record for the recovery of the penalty and the

information had been drawn like the complaint, it is very clear that such information would have been bad, because there is no allegation of the sum of money forfeited, nor of the share which the informer claims, " etc. The reasons given for the decision of *State* v. *Grand Trunk R'y, supra,* are applicable to the case at bar.

By the statute each act in the operation of a lottery is made a distinct and independent offence. To print an advertisement of a lottery is an offence, itself; to publish such an advertisement is another; while to circulate it is still another. By the very nature of these acts neither act includes the other as was said in *Com.* v. *Clapp,* 5 Pick. 41, where it was said that offering for sale and selling tickets was but one offence because selling included the offering for sale.

Counsel further contended that the advertisement set out in the indictment was not the advertisement of a lottery. It is well settled that a lottery is a scheme for the distribution of prizes by chance. The element of chance is essential. *People* v. *Noelke,* 94 N. Y. 137; *U. S.* v. *Olney,* 1 Abb. (U. S.) 275; *Kohn* v. *Koehler,* 96 N. Y. 367; *Dunn* v. *People,* 40 Ill. 465.

To be illegal it should appear affirmatively in the advertisement that the distribution of prizes is to be by lot or chance.

Peters, C. J. The defendant demurs to an indictment which alleges against him participation in a lottery nuisance.

It is objected that it is not stated, either in or upon the indictment, who the prosecutor is. The law apportions the penalty between the prosecutor and the town where the offence is committed. If the law was ever critical enough to destroy an indictment because it did not disclose the name of the prosecutor or informer, when such an averment requires no proof and has nothing to do with the guilt or innocence of the person prosecuted, it was intended, by the decision in *State* v. *Smith,* 64 Maine, 423, to dispense with such useless technicality.

It is contended that each count is ill for duplicity, because the allegation is that the defendant was engaged in " a lottery, scheme or device of chance. " There is no contradiction in the terms.

They are descriptive of only one thing, — the pleader trying to describe the offence by as apt a word as possible. The word lottery has no technical meaning. A lottery is nothing more or less than a scheme or device of chance. *People* v. *Noelke*, 94 N. Y. 137.

The indictment avers that the defendant was concerned in a lottery by printing, publishing and circulating an advertisment of it; and also in other ways. It is argued that this is ill for duplicity. The argument is based upon a misconception of the design and scope of the law against lotteries. The statute (R. S., c. 128, § 13,) does not establish numerous independent offences, — it establishes but one offence. It declares " every lottery, scheme or device of chance " to be a nuisance. The offence to be alleged and proved is nuisance. The statute particularizes some of the modes in which the offence may be committed, and also declares generally that whoever aids in a lottery or is connected therewith shall be punished. It is but one offence and the same punishment, no matter in what form the guilty participation consists. There are not as many distinct offences as there may be forms of the offence. The indictment describes the means by which the defendant's guilt may be proved. The same rule applies as in indictments for liquor nuisances. *State* v. *Lang*, 63 Maine, 215; *Commonwealth* v. *Harris*, 13 Allen at p. 539.

The indictment gives the nature of the scheme by setting out the advertisement by copy; by allowing it to speak for itself. This mode of pleading is not unusual. But it is denied by counsel that the paper indicates a game of chance. It is contended that the word chance in the paper means opportunity. We do not concur in this interpretation. It is conceded that the careless reader might see in the advertisement a game of chance. But that would be so, only because the meaning is there to be seen. In such case the reader gets the author's real meaning, which must be the same for all persons. However disguised by indirect or deceptive expression, the paper, as a whole, discloses a lottery. If it were not so, readers would not become buyers. It informs its patrons that every subscriber is sure to get a present, and the

presents are of various values. Assurance is given that the presents will be "awarded fairly." How can presents of unequal value be fairly awarded unless by some lot or chance? A purchaser or subscriber receives for his money "a numbered receipt." What can be the purpose of numbers if all numbers are favored alike? Each number will take "a prize," and has "a chance to win" a very valuable one. Of course all cannot win the highest prize or present. It is not an opportunity to win, so much as it is an opportunity for a chance to win. It is not an easy thing for a notice to have the effect of advertising vice to one and virtue to another.

The first count in the indictment may not be good. It alleges the defendant's complicity in the nuisance to consist of a notice inserted in a newspaper published in New York. It charges that the newspaper was circulated in Augusta, but it is not said when or by whom, or whether the defendant had any knowledge of that fact or not. See *State* v. *Paul*, 69 Maine, 215.

The remaining counts are sufficient. The most of an objection is, that the words "then and there" are not employed in them. The use of the phrase would have made the declaration more finished. The second count charges that the defendant at Augusta, on a day named, was unlawfully concerned in a lottery (described) "by selling to one Harry May one ticket," and so on. It is contended that, to be correct, it should read, "by then and there selling" the ticket described. In a capital case the omission would probably be considered fatal. But the rule requiring time and place to be repeated to the traversable averments is not so much regarded in indictments for inferior offences as in cases where the life of the prisoner is in danger. 1 Bish. Stat. Pro. § 413, and cases. The sense here is by no means uncertain. There would be more ground for the objection if a series of distinct overt acts were alleged, all essential to the commission of the offence. *Commonwealth* v. *Doherty*, 10 Cush. 52. The words then and there need not be repeated to an averment which merely declares a legal conclusion. The averment of being concerned in a lottery was of that nature, although preceding other allegation, the potent fact being the sale of a ticket.

*Commonwealth* v. *Sullivan*, 6 Gray, 477; *Commonwealth* v. *Langley*, 14 Gray, 21.

In the last counts the ticket is set out in its own words. It may not on its face appear to be a ticket. Still, it may be proved to be such. It is averred that it is a ticket. The advertisement proves it. *State* v. *Ochsner*, 9 Mo. App. 216.

*Demurrer sustained as to first count only.*

WALTON, DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.