*STATE OF MISSOURI, Respondent, v. HENRY HARMON, Appellant.

St. Louis Court of Appeals, December 18, 1894.

Criminal Law: SELLING LOTTERY TICKETS: SUFFICIENCY OF EVIDENCE. The evidence in this cause is considered, and held sufficient to support a conviction for the sale of lottery tickets in a game of chance called policy.

---

* In the case of *State of Missouri v. John Ramos*, judgment was also affirmed this day, the facts and matters involved therein being the same as those in the above entitled cause.—REPORTER.

The State v. Harmon.

*Appeal from the St. Louis Court of Criminal Correction.*—Hon. James R. Claiborne, Judge.

Affirmed.

*Robt. W. Goode* for appellant.

*Benard Dierkes* for respondent.

Rombauer, P. J.—This is a proceeding on information under section 3833 of the Revised Statutes of 1889, which prohibits the sale of lottery tickets in this state, and subjects the person selling them to punishment by a fine not exceeding $1,000. The defendant was found guilty of that offense, and was fined $100. He appeals, and assigns for error that the evidence was insufficient to warrant his conviction.

One of the witnesses for the state testified: "Did you transact any business with him (the defendant) on that day? Yes sir, I bought a policy ticket from him. What did you pay for it? Ten cents. What do you mean by policy ticket? Well I went in there and bought a ticket for to win. What numbers did you select? 9, 4, 3. Who put those numbers down? Mr. Harmon. Do you understand the game of policy? No, not exactly. Do you know how many numbers are equally drawn? 13. Are those the winning numbers? Yes sir. What is the total amount of numbers? 78. You say the 13 drawn out are the winning numbers? Yes, 13 out of 78."

Another witness for the state testified. "What do you understand the game of policy to be? Well, a game of chance, Do you know how the drawing takes place? I never saw the drawing, but they shake it up in a box. Do I understand you to say you never saw

a game of policy played? Well, I bought a ticket, and about know how it is played. I asked you if you ever saw a game of policy? I understand what it is from them that did see."

There was also evidence tending to show that the defendant put the numbers bought by the witness down on a sheet of paper and gave the ticket to the witness; that, .when arrested immediately thereafter, the defendant told the officer arresting him (who had purchased the ticket), "I had a kinder doubt of you," and that the defendant stated he had been engaged in the sale of these tickets for about two months.

It was held in *State v. Mumford*, 73 Mo. 647; that, when there is distribution of prizes of some value by chance or lot, this constitutes a lottery. In *State v. Russell*, 17 Mo. App. 16, *State v. Sellner*, 17 Mo. App. 39, and *State v. Bruner* 17 Mo. App. 274, we held that proof of the mere fact that the defendant sold a policy ticket, without more, was insufficient to convict him, because courts could not take judicial notice of the meaning of the word policy in that connection; but we also held in these cases, and in the preceding case of *State v. Ochsner*, 9 Mo. App. 216, that the fact that playing policy was in the nature of a lottery need not be established by direct evidence, but may be proved by circumstances .from which the inference of guilt may lawfully be drawn on the theory of presumptions.

The evidence in this case shows that policy is a game of chance, in which 13 numbers out of 78 drawn win prizes; and that the defendant was engaged in selling tickets in such a scheme. In *State v. Bruner, supra*, we held, in substance, that the fact may be shown in these cases that the word policy conveys a distinctive meaning when used among persons who deal in ventures which are really lotteries, whether so called or not. As it was shown in this case that the word policy in the

connection used was the designation of a lottery by another name, this, in connection with other facts proved as hereinabove stated, furnished substantial evidence warranting the defendant's conviction. State v. Williams, 44 Mo. App. 302.

All the judges concurring, the judgment is affirmed.