STATE OF MAINE *vs.* ARTHUR DUMAIS.

Androscoggin.    Opinion, September 18, 1940.

*Edward J. Beauchamp*, County Attorney, for State.
*Israel Alpren*,
*Benjamin L. Berman*, for respondent.

SITTING: DUNN, C. J., BARNES, STURGIS, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.    The sufficiency of two indictments is challenged and the questions of law involved are reported to the court for determination. The first indictment is at common law, alleging in substance that the respondent, while a member of the School Committee of Lew-

iston, solicited a bribe from a candidate for appointment as janitor of a school building in return for his vote and influence in furtherance of such appointment.

Solicitation of a felony is an offense indictable at common law. *State* v. *Beckwith*, 135 Me., 423, 198 A., 739. The first objection is that the language of the indictment does not clearly state that the initiative was taken by the respondent, while the criminality of solicitation is because the respondent sets a scheme in motion and creates in the bribe-giver a willingness to bribe. The phraseology used was that the respondent "feloniously and corruptly did offer and agree to vote for" Joseph Galarneau as janitor, "provided the said Joseph Galarneau would pay to the said Arthur Dumais the sum of three hundred dollars in money for his vote," etc.

The wealth of the English language does not restrict the pleader to the use of a particular word, such as the word "solicit," if the meaning of the term used is clear and explicit. The common understanding of the word "offer" is verified by the dictionaries as "to bring to or before"; "to hold out to"; "to proffer"; "to make a proposal"; "to essay the accomplishment of."

When it is alleged that the respondent offered to do something of advantage to another, provided he received in return a bribe, no uncertainty could have resulted in the mind of the respondent that he was charged with solicitation of a bribe.

Further objecting, and using as a premise that, when an indictment is for solicitation, the person accused of the offense is entitled to know the specific felony which it is alleged he solicited, the respondent here says that the statutory crime of bribery is not sufficiently set out. The statute involved is R. S., Chap. 133, Sec. 5. The particular objection is that the statute requires that the bribe must be in connection with "any matter pending, or that may legally come before him in his official capacity." It is asserted there is want of specific averment that the matter was pending, and further failure to use the word "legally." It is true there is no averment that the matter was then pending. Instead, it is alleged that the appointment of a janitor "would come before the meeting of the Superintending School Committee which meeting was to be held on or about April 8, 1936, for the purpose of appointing a janitor," etc. The statute clearly covers bribery, (1) "in any matter pending," (2) "or that

may come legally before him." The word "or" in this connection is disjunctive. The corrupt act may occur when a matter is pending, or instead, it may be with reference to a matter that may come legally before him. The State is not limited to proof that the matter is then pending. It may allege and prove the alternative, as was undertaken in this instance.

In *State* v. *Clark*, 86 Me., 194, 29 A., 984, there was considered the phraseology of the statute providing a penalty for cruel treatment of a horse by a person "having the charge or custody thereof" and objection was made that the complaint did not charge the defendant with having the charge and custody of the horse. The court said that, while the words "charge" and "custody" are frequently used as synonymous, "they are placed in the statute, however, disjunctively and, in such cases, need not be conjunctively averred, and cannot be disjunctively averred."

Again, the respondent says that, as the statute uses the word "legally," it must be used in the indictment.

"The indictment should state all the elements necessary to constitute the offense, either in the words of the statute or in language which is its substantial equivalent." *State* v. *Bushey,* 96 Me., 151 ; *State* v. *Hussey,* 60 Me., 410.

The indictment alleges the election and qualification of the respondent as a member of the superintending school committee, an executive office under the laws of the State of Maine ; that, as such, he was then and there by law charged with the selection of suitable persons to serve as janitors in the care, maintenance, and upkeep of school buildings ; that the Jordan School building was one of the public school buildings of the city ; that Joseph Galarneau was a candidate for appointment as janitor of said building ; that the respondent "feloniously and corruptly did offer and agree to vote for and help further the appointment of the said Joseph Galarneau as janitor of the said Jordan School building when the matter would come before the meeting of the Superintending School Committee, which meeting was to be held on or about April 8, 1936, for the purpose of appointing a janitor for the said Jordan School building," etc.

This phraseology, says the respondent, does not appraise him

that the matter may come legally before him in his official capacity. The word "legally" does not appear. In *State* v. *Robbins*, 66 Me., 324 at 328, the court said:

"It is undoubtedly the safer course to follow the language of the statute in describing the offense charged in the indictment. But it has been repeatedly held that words equivalent in their meaning to those in the statute may be used."

The indictment should state facts not state conclusions. *State* v. *Bushey*, supra. It must contain a statement of all the facts and it need contain nothing more. Bishop on Criminal Procedure, 2d ed., Sec. 331. The cases of *State* v. *Beason*, 40 N. H., 367, and *State* v. *Flagg*, 50 N. H., 321, cited by the respondent in support of the contention that the word "legally" was essential, were decided in accordance with this principle. Both reviewed indictments for obstructing an officer in the service of "legal process." The court held that the indictment "must state the process to be legal, *or so describe it that it shall appear to be so.*" (Italics ours.)

The real question is whether there is a sufficient allegation of facts to show that the offense was within the statutory definition. In the last analysis, having stated all the facts which constitute the transaction, it is for the court to determine whether the appointment of a janitor was a matter which would "legally" come before the respondent in his official capacity. As said in the English case, decided in 1779, *The King* v. *Lyme Regis*, 1 Doug., 149:

"It is one of the first principles of pleading, that you have only occasion to state facts; which must be done for the purpose of informing the Court, whose duty it is to declare the law arising upon these facts."

In this particular of the indictment, all the elements necessary to criminality have been specified.

Another alleged defect is that it fails to state properly the specific time and place when the criminal acts occurred. But one time and place were alleged. Thereafter, the occurrences and acts as set forth are linked with that time and place by the use of the authenticated phrase "then and there." The rule is established that, when a single fact is alleged with time and place, the words "then and there"

subsequently used as to occurrences of other facts, as to the crime or a part thereof, refer to the same point of time, and necessarily import that the two were coexistent. *State* v. *Hurley*, 71 Me., 354; *State* v. *Willis*, 78 Me., 70, 2 A., 848; *State* v. *Mahoney*, 115 Me., 251, 98 A., 750; *Turns* v. *Commonwealth*, 47 Mass., 224, 234; *State* v. *Hand*, 58 A., 641, 71 N. J. L., 137; and it is sufficient if these words are repeated to every other material fact set up in the indictment. *Palmer* v. *People*, 138 Ill., 356, 28 N. E., 130.

The indictment for solicitation of bribery is held to be sufficient.

### Indictment for Bribery

Objections similar to those raised in *State* v. *Vallee*, 136 Me., 432, 12 A., 2d., 421, are there analyzed and determined to be untenable.

The attention of the court, however, is called to the contention that criminal intent on the part of the respondent is not specifically alleged in either count. In the crime of bribery, intent is a necessary element. The statute, R. S., Chap. 133, Sec. 5, under which the indictment is drawn, is as follows:

> "Whoever gives, offers or promises to an executive, legislative or judicial officer, . . . any valuable consideration or gratuity whatever, or does, offers or promises to do, any act beneficial to such officer, with intent to influence his action, vote, opinion or judgment, in any Matter, etc.; and whoever accepts such bribe or beneficial thing, in the manner and for the purpose aforesaid . . . shall be punished."

The indictment, with respect to the element of intent, is as follows:

### First Count

"contriving and intending the duties of his said office and the trust and confidence reposed in him, all as aforesaid, to prostitute and betray, did then and there, unlawfully and corruptly agree to accept and receive a promise of one Joseph Galarneau to pay him, the said Arthur Dumais, the sum of three hundred dollars in money as a bribe to influence and induce the said Arthur Dumais to assist in his said office in procuring the se-

lection of said Joseph Galarneau as janitor of said Jordan School building, against the peace of the State and contrary to the statute in such case made and provided."

### Second Count

"contriving and intending the duties of his said office and the trust and confidence reposed in him, all as aforesaid, to prostitute and betray, did then and there unlawfully and corruptly receive from one Joseph Galarneau the sum of one hundred dollars in money as a bribe and pecuniary reward to influence and induce the said Arthur Dumais to assist in his said office in continuing the said Joseph Galarneau in his employment as janitor of the said Jordan School building, the said Joseph Galarneau having been appointed as janitor of the said Jordan School building on the eighth day of April, A. D. 1936, against the peace of the State and contrary to the form of the statute in such case made and provided."

It is recognized that the averments used in both counts follow the language employed in *State* v. *Miles*, 89 Me., 142, 36 A., 70; and *State* v. *Martin*, 134 Me., 448, 187 A., 710, but in neither case was the point specifically raised or considered. The allegation of the indictment is the receipt of a bribe and pecuniary reward "to influence and induce." It does not say *"with intent* to influence and induce."

In *State* v. *Beattie*, 129 Me., 229, 151 A., 427, the court quoted from *Commonwealth* v. *Shaw*, 7 Metcalf, 57 as follows:

"If the intention with which an act is done be material to constitute the offense charged, such intention must be truly laid in the indictment; and it must be laid positively; and the want of a direct allegation of any thing material, in the description of the substance, nature, or manner of the offence, cannot be supplied by any intendment or implication whatsoever."

See also *Galeo* v. *State*, 107 Me., 474 at 479, 78 A., 867; *State* v. *Strout*, 132 Me., 134, 167 A., 859; *State* v. *Faddoul*, 132 Me., 151, 168 A., 97.

It is the opinion of a majority of the court that, under the rule of precision emphasized in recent decisions in our state, cited *supra*,

there was failure to sufficiently allege the necessary element of intent, which cannot be cured by implication.

The entry in case No. 2566, being the indictment for solicitation of a bribe, will be

*Indictment held sufficient.*
*Case remanded for trial.*

The entry in case No. 2567, being the indictment for bribery, will be

*Both counts of indictment held insufficient.*

*Case remanded for entry quashing the indictment in accordance with the terms of the report.*

(DUNN, C. J., having deceased, did not join in this opinion.)

(BARNES, C. J., having retired, did not join in this opinion.)