**STATE of Maine**

v.

**James KIDDER.**

Supreme Judicial Court of Maine.

March 21, 1973.

David M. Cox, County Atty., *Bangor*, for plaintiff.

Joseph T. Walsh, Jr., Bangor, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEATHERBEE, Justice.

The Defendant entered a plea of guilty to an indictment which charged him with an unlawful sale of marijuana in violation of 22 M.R.S.A. § 2384(4).[1] The Defendant received a sentence to the Men's Correctional Center. He filed notice of appeal from the conviction.

In Dow v. State, Me., 275 A.2d 815 (1971) we clarified for the first time the nature of the right of appeal from judgments of conviction based upon pleas of guilty which exists subsequent to the adoption of Maine Rules of Criminal Procedure and the related legislation which was enacted to become effective simultaneously with the Rules. We concluded there that a defendant who has pleaded guilty may successfully attack his conviction by direct appeal only when:

a) the trial court has no jurisdiction to impose the particular sentence;

b) the sentence is so constitutionally oppressive as to amount to cruel or unusual punishment;

c) the indictment is insufficient; or

. d) there has been a constitutional deficiency surrounding the entry of a plea of guilty, 1) if the issue has been raised by a timely motion made to the Presiding Justice to withdraw the plea of guilty (M.R.Crim.P., Rule 32(d)), 2) if the motion has been denied, and 3) if there has been an evidentiary hearing before the Justice which presents to this Court on ap-

1. Enacted as P.L.1969, ch. 443, § 7 which was repealed by P.L.1971, ch. 472, § 3.

peal a record upon which the circumstances of the alleged error may be examined.

In the latter situation, issues concerning the voluntariness of the plea, knowledgeability of the Defendant as to its consequences, compliance with M.R.Crim.P., Rule 11, ineffective assistance of counsel in connection with the plea, misrepresentation, coercion or duress in securing the plea and insanity of the pleader may be raised on direct appeal.

This Defendant's court appointed counsel has filed on Defendant's behalf a Statement of Points on Appeal which specify two claims of error, only one of which is cognizable on direct appeal.[2]

The Defendant asserts that the indictment to which Defendant pleaded guilty is fatally defective because of the omission of language alleging "intent". The statute, 22 M.R.S.A. § 2384(4) reads:

"By those under 21. Whoever, being less than 21 years of age, sells, exchanges, delivers, barters, gives or furnishes Cannabis or Peyote to any person shall be punished by imprisonment for not less than one nor more than 5 years."

The indictment charges:

"That on or about the 2nd day of November, 1970, in the County of Penobscot, State of Maine, JAMES KIDDER, being Nineteen (19) years of age, did unlawfully sell Cannabis Sativa L, more commonly known as Marijuana, to one JEAN GREELEY, a person under the age of Twenty-one (21) years, to wit: of the age of Twenty (20) years."

■ It is true that there are certain specific intent crimes in which a specific intent, in addition to the intent to do the act

itself, is an essential element of the offense and must be alleged and proved. A few classic examples of Maine offenses which require a specified intention in addition to the intentional doing of the act itself are: giving a public officer a gratuity with intent to influence his official action (State v. Dumais, 137 Me. 95, 15 A.2d 289 (1940)), assault with intent to kill (State v. Neal, 37 Me. 468 (1854)) and larceny [3] (State v. Greenlaw, 159 Me. 141, 189 A.2d 370 (1963)).

■ The offense now under consideration is entirely statutory in origin and the only intent required by the terms of the statute is the general intent to perform the prohibited act. The indictment adequately charges an offense under 22 M.R.S.A. § 2384(4).

■ The Defendant claims further that the Presiding Justice erroneously informed the Defendant at the time of Defendant's arraignment as to the possible punishment which the Defendant could receive upon conviction. There is no allegation that this statement by the Justice affected the voluntariness of Defendant's plea or the Defendant's knowledgeability of its consequences and Defendant's counsel's forthright presentation of the issue in argument makes no such claim. However, an allegation that the Justice's statement produced such an effect would have gained Defendant nothing. As the Defendant had filed no motion to withdraw his plea of guilty in the interval between plea and sentence,[4] the issue is not one cognizant on direct appeal.

■ In argument Defendant made an additional claim that his sentence to the Men's Correctional Center constituted cruel and unusual punishment for that offense. This contention was not included in his

---

2. We appreciate the fact that the task to which counsel was assigned was patently hopeless.

3. In larceny the common law element of intent to deprive permanently is held to be essential under the statute although not specifically mentioned.

4. M.R.Crim.P., Rule 32(d).

Points on Appeal and is thus ineligible for —as well as unworthy of—further discussion.

The entry will be:

Appeal denied.

All Justices concurring.