**STATE of Maine**

v.

**Kenneth SANDBERG.**

Supreme Judicial Court of Maine.

June 12, 1978.

---

David M. Cox, Dist. Atty., Gary F. Thorne (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Ford & Hall by Richard W. Hall (orally), Bangor, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ.

PER CURIAM.

Defendant Kenneth Sandberg entered a plea of guilty to a two-count indictment charging him with criminal threatening with a dangerous weapon and terrorizing, in violation of 17–A M.R.S.A. §§ 209, 210 (Supp.1976), respectively. He appeals the judgments entered thereon.

We deny the appeal.

I.  *Section 210 Indictment*

Defendant initially contends that the Superior Court erred in denying his motion to dismiss the terrorizing count for failing to allege facts sufficient to constitute an offense against the State of Maine. Defendant's attack on the indictment is open to him on appeal notwithstanding that the judgment from which he appeals was entered on his plea of guilty. *State v. Porter,* Me., 384 A.2d 429 (1978).

Count II of the indictment charged defendant with terrorizing in language substantially identical to that of section 210, namely:

"That on or about the 21st day of May, 1977, in the County of Penobscot, State of Maine, KENNETH SANDBERG did communicate to another person, namely Carl Andrews, Jr., a threat to commit a crime of violence, dangerous to human life, to wit, 'I will kill you and any other cop who tries to arrest me or remove me from my property', the natural and probable consequence of such threat being to place Carl Andrews, Jr. in reasonable fear that the crime would be committed, and while doing so was armed with a dangerous weapon, to wit, a firearm."

An indictment charging an offense in the language of the statute is sufficient if it adequately provides a defendant of reasonable and normal intelligence with a clear identification of the crime and conduct charged. *State v. Sampson*, Me., 387 A.2d 213 (1978). The terrorizing indictment in the case at bar expressly alleged all elements of the section 210 offense, in sufficient factual detail to apprise defendant of the precise nature of the charge he had to meet. *See State v. Hathorne*, Me., 387 A.2d 9 (5/24/78); *State v. Porter, supra.* His argument to the contrary is without merit.[1]

### II. *Attack on Guilty Pleas*

 On this direct appeal from his convictions defendant attempts to attack his pleas of guilty as not having been "knowingly" or "understandingly" made. No motion to withdraw the guilty pleas was ever made at the trial court level. Consequently, we lack the requisite evidentiary record and the authority to review the legality of defendant's pleas. *See Dow v. State,* Me., 275 A.2d 815, 820–21 (1971).

The entry must be:

Appeal denied.

Judgments affirmed.

GODFREY, J., did not sit.

---

1. It avails defendant nothing that the threat he is charged with making may be characterized as "conditional," *i. e.,* that defendant did not in fact intend to execute the threatened crime unless the person receiving the threatened communication or "any other cop" first tried to arrest defendant or remove him from his property. Nothing in section 210 requires that a threat be "unconditional." The indictment expressly alleges that "the natural and probable consequence of such threat" was "to place Carl Andrews, Jr. in reasonable fear that the crime would be committed." Whether the threat actually had the prescribed consequences was a matter of proof, which defendant admitted by his plea of guilty. *Cf. State v. Seeley,* Me., 350 A.2d 569, 570–71 (1976) (intention to commit criminal assault proved; defendant brandished a revolver, saying, "If I were positive that you was the one that burned my house, I would blow your head off").