**STATE of Maine**

v.

**Sherwood WILLIAMS, Jr.**

Supreme Judicial Court of Maine.

Argued and Submitted Sept. 21, 1983.

Decided Oct. 7, 1983.

David W. Crook, Dist. Atty., William Baghdoyan, Asst. Dist. Atty. (orally), Augusta, for plaintiff.

Daviau, Jabar & Batten, Joseph M. Jabar (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

MEMORANDUM OF DECISION

In January, 1981, the defendant pleaded guilty to three counts of burglary, 17–A M.R.S.A. § 401 (Pamph.1980), four counts of theft, 17–A M.R.S.A. § 353 (Pamph. 1980), and two counts of receiving stolen property, 17–A M.R.S.A. § 359 (Pamph. 1980).

After a full Rule 11 (M.R.Crim.P.) proceeding, the Superior Court, Kennebec County, accepted the defendant's pleas and sentenced him to the Maine State Prison. The defendant's original appeal of his conviction to this court, coming thirteen months after his conviction, was dismissed as untimely.

In January, 1983, following a hearing on the defendant's petition for post-conviction review, the court granted the defendant's assignment of error as to his claim that he had had ineffective assistance of counsel in that counsel had failed to file an appeal as

the defendant had requested. The post-conviction review order granted the defendant "a limited review with respect to those matters falling within the Rule 11 proceeding."

Pursuant to the order, the defendant perfected his direct appeal to this court, arguing that his guilty plea was not made knowingly and voluntarily. Both in his brief and at oral argument defense counsel stated that he was purporting to appeal the defendant's original convictions, and was not seeking a review of the post-conviction order.

 The post-conviction review justice committed error in granting the defendant a direct appeal to this court on the Rule 11 issue. We have previously stated that a direct appeal on the issue of the voluntariness of a plea will lie only upon denial at the trial court level of a timely motion to withdraw the plea of guilty. *Dow v. State,* 275 A.2d 815, 820 (Me.1971). We have reasserted this holding in at least four subsequent cases. *See, e.g., State v. Blanchard,* 409 A.2d 229, 232 n. 1 (Me.1979); *State v. Sandberg,* 387 A.2d 605, 607 (Me.1978); *State v. Staples,* 354 A.2d 771, 780 (Me. 1976); *State v. Kidder,* 302 A.2d 320, 321 (Me.1973). There is no evidence in the present case that the defendant ever moved to withdraw his guilty plea, the precondition to having the alleged Rule 11 deficiency decided in a direct appeal.

We find, therefore, that the issue of the voluntariness of the defendant's guilty plea is not properly before this court on direct appeal.

The entry must be:

Appeal denied.

All concurring.