497 A.2d 138 (1985)
STATE of Maine
v.
Barry BICKFORD.
Supreme Judicial Court of Maine.
Argued June 10, 1985.
Decided September 3, 1985.
*139 David W. Crook, Dist. Atty., Alan P. Kelley (orally), Deputy Dist. Atty., Augusta, for the State.
James E. Millett (orally), Westbrook, for defendant.
Before NICHOLS, VIOLETTE, WATHEN, GLASSMAN, and SCOLNIK, JJ., and WERNICK, A.R.J.
WERNICK, Active Retired Justice.
The defendant Barry Bickford appeals from a judgment of conviction entered upon the verdict of a Superior Court (Kennebec County) jury. The jury found that on various occasions between March of 1982 and the summer of 1983 the defendant had engaged in gross sexual misconduct and in unlawful sexual contact, 17-A M.R.S.A. §§ 253 and 255 (1983), respectively.
On appeal, the defendant asserts that (1) some of the counts of which he was found guilty are fatally deficient as accusations of criminal conduct; (2) evidence essential to the proof of some counts under which he was convicted was inadmissible because it fatally varied from the scope of proof open to the prosecution; and (3) the evidence was insufficient to justify any conviction at all.
We affirm the judgment of conviction.

1
The defendant says that those counts of the indictment are fatally deficient that merely track general statutory language, by alleging that the defendant committed "sexual acts" without setting forth the particulars of what was done.
State v. Weymouth, 496 A.2d 1053 (Me. 1985), together with State v. Hebert, 448 A.2d 322 (Me.1982), have settled that this is an unsound contention. Those decisions sustain the mode of allegation used in the counts the defendant attacks, holding it adequate to serve the requisite functions of an accusation of crime in that, first, it affords the accused a notice of the charge against him sufficient to permit him to prepare an informed defense through use *140 of other available legal procedures; and second, it is precise enough to provide the basis for a plea of former jeopardy should there be occasion for such a plea.

2
After the defendant had filed a motion for a bill of particulars, the prosecution provided to him, well before trial, a statement of the boy who claimed to be the victim of the defendant's conduct. The statement set forth various details of sexual acts charged against the defendant. When the boy testified at trial, his description of the details of the sexual acts he maintained had occurred differed in several respects from the details mentioned in the pretrial statement.
The defendant argues that since the prosecution had provided the pretrial statement to him as the particulars he sought by his motion for particulars, the contents of the statement became the basic limits of the scope of proof allowable to the prosecution at trial. From this premise the defendant argues further that the variances between the contents of the pretrial statement and the boy's testimony at trial must be held fatal variances of proof because the trial testimony was an obvious surprise to the defendant that prejudicially impaired the presentation of his defense.
The argument is unconvincing. Without suggesting agreement with the defendant's premise that the prosecution provided the pretrial statement in circumstances making it the equivalent of a bill of particulars restricting the scope of the prosecution's proof at trial, we reject the defendant's conclusion that the variances in the details of the boy's pretrial and trial stories impaired the defendant's presentation of his defense.
Even if in reliance on the details of the boy's pretrial statement the defendant may have been surprised by what the boy said at trial, it is plain that the defendant suffered no impermissible prejudice. The defendant's position had always been that there never had been any sexual contact between him and the boy. Such categorical denial of the essence of the boy's accusation against him was the defense the defendant had always planned, and was preparing, to present. Moreover, by such defense the defendant made the boy's credibility and his own the foundational issue of the case; only the boy and the defendant knew what had transpired between them. In such context, the divergences in the boy's descriptions of details of sexual acts that the boy always maintained had occurred and that the defendant always denied had occurred at all had no adverse impact on any substantial rights of the defendant.[1] Far from being fatal, the variances must be disregarded, M.R.Crim.P. 52(a).

3
The defendant's last point of appeal is that the evidence was insufficient to support conviction under any of the counts of which he was found guilty.
In respect to the counts charging gross sexual misconduct in violation of 17-A M.R.S.A. § 253, we reject out of hand, as unsupported by the record, the defendant's contention that there were internal contradictions in the boy's testimony sufficiently serious to make it, as a matter of law, unworthy of belief.
As to his conviction of unlawful sexual contact in violation of 17-A M.R.S.A. § 255 (1983), the defendant says that the evidence failed to prove the two essential elements (1) that the defendant was at least three years older than the boy, as required by § 255(1)(C), and (2) that it was "for the purpose of arousing or gratifying sexual desire" that the defendant engaged in sexual "touchings" of the boy, as required by 17-A M.R.S.A. § 251(1)(D) (1983) to have the *141 "touchings" become "sexual contacts". The contentions lack merit.
The evidence disclosed that at the time of trial the boy was thirteen years of age. The jury was entitled to rely on its own observations comparing the boy's physical characteristics and general demeanor with those of the defendant, to assist it in its determination that the defendant was at least three years older. Of further assistance to the jury was the testimony of a police officer that he had a conversation with the defendant in which mention was made that the defendant was "almost thirty years old". Also in evidence was the defendant's testimony that he had served in the army for three years and that he had been a painter's helper and then an employee of the Maine Central Railroad until he had suffered an aneurism making it difficult for him to hold a job. Plainly, this evidence would authorize as rational a jury finding that the defendant was at least three years older than the boy. It was therefore sufficient in this regard. See State v. Barry, 495 A.2d 825 (Me.1985).
Likewise, the defendant gains nothing from his assertion that even if sexual "touchings" were sufficiently proved, the evidence failed to prove that they were "for the purpose of arousing or gratifying sexual desire". The boy's testimony gave the jury ample rational basis for inferring such purpose from both the very nature of each sexual "touching" described and the circumstances of its occurrence.
The entry is:
Judgment affirmed.
All concurring.
NOTES
[1] Indeed, instead of harming the defendant's presentation of his defense, the boy's variant description of details could help it. The variances gave the defendant the opportunity, were he to choose to utilize the tactic, to show them as impeaching the boy's credibility and as tending to corroborate the defendant's contention that the boy was fabricating.