STATE of Maine

v.

Maxwell DRAGON.

Supreme Judicial Court of Maine.

Argued Jan. 9, 1987.

Decided Feb. 25, 1987.

---

David W. Crook, Dist. Atty., William Baghdoyan, Asst. Dist. Atty. (orally), Skowhegan, for plaintiff.

Robert J. Levine (orally), Rockland, for defendant.

---

Before McKUSICK, C.J., and
NICHOLS, WATHEN, GLASSMAN,
SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

The defendant, Maxwell Dragon, appeals from a sentence entered by the Superior Court (Somerset County) after he pleaded guilty to arson, 17–A M.R.S.A. § 802(1)(B) (1983 & Supp.1986) (Class B). As his sole issue on appeal, Dragon contends that the court's restitution order is illegal because the sentencing justice failed properly to consider his ability to pay. We affirm the judgment.

## I.

On March 10, 1986, Dragon entered a plea of guilty to arson pursuant to a negotiated plea agreement and was sentenced to six years in the Maine State Prison with all but four years of the sentence suspended. He was ordered to make restitution of $5,000 to the Skowhegan Savings Bank

(mortgagee for the house burned by Dragon) "in the event he is able to generate income pursuant to 17–A M.R.S.A. § 1330." Dragon appeals the legality of that order.[1]

## II.

■ A defendant may directly appeal the legality of his sentence to the Law Court only if there is a jurisdictional infirmity in the sentencing process "on the face of the appeal record so plainly that its existence is shown as a matter of law." *State v. Rich*, 395 A.2d 1123, 1133 (Me.1978).

Dragon argues that the restitution order is defective because the Superior Court failed to undertake a sufficient inquiry to determine his financial circumstances as required by 17–A M.R.S.A. § 1325 (1983).[2]

■ Dragon is required to pay the sum of $5,000 as restitution in the event he is able to generate income by working while in prison pursuant to 17–A M.R.S.A. § 1330.[3] Subsection 2 of section 1330 al-

---

1. On December 22, 1986, the sentencing justice, after hearing the defendant's motion for revocation of the restitution order, modified the order, by, *inter alia*, extending it to Dragon's post-incarceration probation. This modification of the restitution order was made part of the record but is not the order from which this appeal was taken. Moreover, the defendant concedes that it does not affect his principal point on appeal, viz., that a restitution order in this case was not authorized because of a deficient basis for the court's determination of ability to pay without financial hardship. We note, however, that at oral argument, counsel agreed that the extension of the restitution order beyond the period of Dragon's incarceration was inappropriate.

2. Section 1325 of Title 17–A M.R.S.A. provides in pertinent part:

**§ 1325. Criteria for restitution**
**1. Restitution authorized.** Restitution may be authorized, in whole or in part, as compensation for economic loss. In determining the amount of restitution authorized, the following shall be considered:

. . . . .

C. The financial ability of the offender to pay restitution.
**2. Restitution not authorized.** Restitution shall not be authorized:

. . . . .

D. When the amount and method of payment of monetary restitution or the performance of service restitution will create an excessive financial hardship on the offender or dependent of the offender. In making this

determination, all relevant factors shall be considered, including, but not limited to the following:
(1) The number of the offender's dependents;
(2) The usual living expenses of the offender and his dependents;
(3) The special needs of the offender and his dependents, including necessary travel expense to and from work;
(4) The offender's income and potential earning capacity; and
(5) The offender's resources.

3. Section 1330 of Title 17–A M.R.S.A. (Supp. 1986) provides in pertinent part:
**§ 1330. Work program release; restitution**
**1. Work program; payment of restitution.** No prisoner who has been ordered to pay restitution may be released pursuant to a work program administered by the Department of Corrections under Title 34–A, section 3035, or a sheriff under Title 30, section 1804, unless he consents to pay at least 25% of his gross weekly wages to the victim until such time as full restitution has been made. The chief administrative officer of the correctional facility where the prisoner is incarcerated shall collect and disburse to the victim or victims that portion of the prisoner's wages agreed to as payment of restitution....
**2. Payment of restitution from other sources.** Any prisoner, other than one addressed by subsection 1, who is able to generate income, from whatever source, shall pay

lows restitution payments to be deducted from monies earned by prisoners who are "able to generate income, from whatever source" if the sentencing court has ordered that restitution be made. That subsection effectively diminishes the extent of the inquiry that is necessary to support the sentencing justice's determination under section 1325(2) that an order of restitution will not create a. financial hardship on the offender or his family. If the sentencing justice can reasonably conclude that a particular criminal defendant has the potential capacity to generate income while in prison, a restitution order pursuant to section 1325 is then authorized and the defendant is required by that order and section 1330 to make restitution.

It is significant that the amount of restitution in this case was ordered in accordance with the parties' plea agreement. In fact, at the sentencing hearing, the parties agreed to lower the amount of proposed restitution from $10,000 to $5,000. Thus, Dragon clearly consented to the amount of restitution ordered. In these circumstances, it was unnecessary for the court to make further inquiry to determine whether the amount of restitution ordered was excessive. *Cf. State v. Stinson*, 424 A.2d 327, 334 (Me.1981) (given defendant's seeming satisfaction that restitution order was within reasonable tolerance of his financial ability to pay, determination without conducting in-depth probe of such ability not error).

█ Since the sentencing justice expressly conditioned the restitution upon Dragon's ability to earn income while in prison and established the amount of restitution in accordance with the parties'. fully negotiated plea agreement, we conclude that the Superior Court sufficiently considered Dragon's financial circumstances when it ordered him to make conditional restitution payments while in prison. As a result, we find no infirmity in the sentence.

25% of that income to any victim if the court has ordered that restitution be paid. The correctional facility in which the prisoner is in-

The entry is:

Judgment affirmed.

All concurring.

carcerated shall collect and disburse to the victim or victims that portion of the prisoner's income ordered as restitution....