**STATE of Maine**

v.

**Duane COTE.**

Supreme Judicial Court of Maine.

Argued March 16, 1988.
Decided April 5, 1988.

R. Christopher Almy, Dist. Atty., Philip C. Worden (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Mark S. Kierstead (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

The defendant, Duane Cote, appeals from the denial by the Superior Court, Penobscot County, of his motion to vacate sentence. As his sole issue on appeal, the defendant challenges the legality of a special condition of probation requiring him to cooperate with law enforcement personnel. We find the condition to be unconstitutionally vague and vacate the sentence.

On July 2, 1987, the defendant was found guilty of three counts of trafficking in cocaine in violation of 17–A M.R.S.A. § 1103 (1983 and Supp.1987). The Superior Court imposed a sentence of six years as to Count I, and three years as to Counts II and III, all to be served concurrently. All but three years of Count I were suspended and defendant was placed on probation for a term of four years. The court imposed as a special condition of probation that the defendant "cooperate fully to the satisfaction of the probation officer with law enforcement personnel with regard to trafficking in cocaine." On August 17, 1987, the defendant moved to vacate the sentence. After a hearing, the Superior Court denied the motion on November 6, 1987. This appeal followed.

A challenge to the legality of a sentence will be addressed on direct appeal only when the alleged infirmity appears plainly on the face of the record. *State v. Dragon,* 521 A.2d 704, 705 (Me.1987); *State v. Blanchard,* 409 A.2d 229, 233 (Me.1979). Such a challenge is appropriate here because we find the special condition of probation to be unconstitutionally vague on its face, and therefore illegal.

We have recognized that probationers enjoy certain procedural due process protections because of their liberty interest in continued freedom from imprisonment. *State v. Maier,* 423 A.2d 235, 238 (Me. 1980). Among such safeguards is the right to be provided with reasonable and intelligible standards to guide the probationer's conduct. The test for determining whether a condition of probation, as it may be amplified by the judge's remarks on the record, is unconstitutionally vague is similar to that applied to criminal statutes: whether a person of ordinary intelligence could reasonably understand the conduct that is proscribed or required. *See State v. Gray,*

440 A.2d 1062, 1064 (Me.1982); *State v. Parker*, 372 A.2d 570, 573 (Me.1977).

The condition of probation imposed in the instant case is too indefinite to give a person of ordinary intelligence fair warning of the conduct it requires. Without knowing the specific nature of the requisite cooperation, the defendant cannot know what behavior constitutes a violation of the condition, and he risks the loss of his conditional liberty if he fails to comply with a requirement of cooperation the parameters of which are ill defined. Accordingly, we find the challenged condition of probation unconstitutionally vague and remand this case for re-sentencing.

The entry is:

Sentence vacated. Remanded to the Superior Court for re-sentencing consistent with the opinion herein.

All concurring.