**STATE of Maine**

v.

**Timothy SMITH.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 14, 1988.
Decided July 8, 1988.

William Anderson, Dist. Atty., Patricia G. Worth, Asst. Dist. Atty., Belfast, for plaintiff.

**302** ▪ ▬▬▬▬▬▬▬▬▬

Miles Frieden, Searsport, for defendant.

Before McKUSICK, C.J., and
WATHEN, GLASSMAN, CLIFFORD
and HORNBY, JJ.

HORNBY, Justice.

Timothy Smith pled guilty in the Superior Court (Waldo County) to gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B) (Supp.1987). He now appeals his conviction, challenging the legal sufficiency of the indictment and the denial of his motion for a bill of particulars. He also seeks to withdraw his guilty plea because the terms of probation imposed by the judge allegedly exceeded the plea agreement and because the presentence report was improper. These challenges must fail.

▬▬▬ The indictment's failure to state Smith's middle name is not material; there is no suggestion of mistaken identity.[1] The allegation of "sexual acts" with a named minor on specific dates is also sufficiently specific. *State v. Bickford,* 497 A.2d 138, 139 (Me.1985); *State v. Hebert,* 448 A.2d 322, 326–27 (Me.1982). Smith does not present any argument as to why his motion for a bill of particulars should have been granted, but only attacks the court's failure to provide reasons for the denial. There is no requirement, however, that the court state such reasons. In the ordinary course, they will be obvious.

▬▬▬ Smith cannot withdraw his guilty plea here; M.R. Crim P. 32(d) requires that he move to withdraw it before the trial judge imposed sentence. *State v. Blanchard,* 409 A.2d 229, 232 n. 1 (Me.1979); *State v. Sandberg,* 387 A.2d 605, 607 (Me. 1978) (per curiam); *State v. Staples,* 354 A.2d 771, 780 (Me.1976); *State v. Kidder,* 302 A.2d 320, 321 (Me.1973); *Dow v. State,* 275 A.2d 815, 820–21 (Me.1971). Smith complains that he did not know of the alleged errors until sentencing occurred, but all of his contentions on this score can be presented only in a petition for post-conviction review in the Superior Court. *See* 15 M.R.S.A. §§ 2121–32 (Supp.1987); M.R.

Crim.P. 65–78; *Dow v. State,* 275 A.2d at 820–21.

The entry is:

Judgment affirmed.

All concurring.

---

1. Moreover, the omission is not jurisdictional and thus any objection has been waived by the guilty plea. *State v. Michaud,* 473 A.2d 399, 402 (Me.1984).