**STATE of Maine**

v.

**Timothy SMITH.**

Supreme Judicial Court of Maine.

Argued June 13, 1989.

Decided July 12, 1989.

**1094**

Patricia Worth (orally), Asst. Dist. Atty., Belfast, for the State.

Timothy Scott Smith (orally), Thomaston, pro se.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The defendant, Timothy Smith, was adjudged guilty of two counts of gross sexual misconduct in violation of 17–A M.R.S.A. § 253(1)(B) (Supp.1988). As part of his sentence, Smith was placed on probation for six years. As a special condition of his probation, Smith was required "to undergo counseling/treatment to the satisfaction of the probation officer, for sex offenders, including group and family therapy." In *State v. Smith*, 544 A.2d 301 (Me.1988) (*Smith I*), we affirmed the defendant's convictions. Following *Smith I*, Smith filed a motion in the Superior Court alleging that the special probation condition was unconstitutionally vague. Smith sought a court order explaining or removing the probation condition. The Superior Court (Waldo County, *Chandler, J.*) found that the condition of probation was "clear on its face" and denied Smith's motion. Smith appealed. Because Smith's judgments of conviction and sentencing were already affirmed on direct appeal, we vacate the order below denying Smith's motion and re-mand to the Superior Court for entry of an order of dismissal.

In *Smith I*, we rejected Smith's argument that the indictment was insufficient and that it was error to deny his motion for a bill of particulars. Smith also unsuccessfully sought to withdraw his guilty plea. Smith did not challenge the constitutionality of the probation condition requiring him to "undergo" counseling and treatment to the "satisfaction" of his probation officer. A challenge to the "legality" of a sentence may be brought to the Law Court on direct appeal when the alleged illegality appears affirmatively on the face of the record. *Robert A. Smith v. State*, 479 A.2d 1309, 1311 (Me.1984). Principles of *res judicata*, however, preclude a defendant from taking a second appeal to the Law Court from his conviction and sentence based on an issue that was or could have been raised in the prior appeal. *See State v. Haskell*, 515 A.2d 745, 746–47 (Me.1986). This sound policy prevents piecemeal determination of issues on appeal and thereby conserves limited judicial resources. *Caporino v. Lacasse*, 511 A.2d 445, 447 (Me.1986). Here, Smith's failure to challenge his sentence in his first appeal precludes him from raising this issue in a second appeal to the Law Court.

Smith's motion did not seek relief pursuant to 15 M.R.S.A. §§ 2121–2132 (Supp. 1988), the post-conviction review statute, and the Superior Court properly did not treat the motion as a petition for a post-conviction review. Except for direct appeals to the Law Court from a criminal conviction and sentence, post-conviction review provides the "exclusive method of review of those criminal judgments and of post-sentencing proceedings occurring during the course of sentences." 15 M.R.S.A. § 2122.

The entry is:

Order vacated. Remanded to the Superior Court for entry of an order dismissing the motion.

All concurring.