STATE of Maine

v.

**Timothy Scott SMITH.**

**Timothy Scott SMITH**

v.

**Stan KNOX, et al.[1]**

Supreme Judicial Court of Maine.

Argued March 8, 1990.

Decided April 18, 1990.

---

1. Smith's appeal of the order revoking probation has been consolidated with his appeal of the Superior Court's dismissal of a petition for a writ of habeas corpus that was filed prior to the preliminary hearing. *Smith v. Knox,* No. WAL–89–184 (Me. filed May 8, 1989). Since Smith was not restrained at the time the court acted

on his petition, 15 M.R.S.A. §§ 2122, 2124 (Supp.1989), the Superior Court's dismissal on the ground of mootness does not constitute error. *Your Home, Inc. v. City of Portland,* 501 A.2d 1300, 1302 (Me.1985); *see also State v. Gleason,* 404 A.2d 573, 578–79 (Me.1979).

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

Timothy Scott Smith appeals [2] from the order of the Superior Court (Waldo County, Chandler, J.) revoking his probation and imposing upon Smith that part of the sentence of incarceration that was suspended at the time of the original sentencing. Because the finding that Smith violated a condition of probation is not clearly erroneous, and because we discern no procedural infirmities, we affirm.

In September 1987, Smith pleaded guilty and was convicted of two counts of gross sexual misconduct. 17–A M.R.S.A. § 253 (1983 & Supp.1989). He was sentenced to a term of five years' imprisonment, with all but two years suspended, and six years' probation. The probation commenced at the time of sentencing. Special conditions of probation were imposed including the requirement that Smith undergo counseling for sex offenders "to the satisfaction of the probation officer" and that Smith authorize a Department of Corrections' permission form allowing the release of information.

When presented with the permission form that authorized corrections officials

> to obtain or release ... employment, social, medical, dental, psychiatric, psychological, and educational data ... from or to any legally constituted social agency, medical facility, correctional agency, mental health agency, employer, or educational facility,

Smith altered it before signing to limit the release of information to only two of these entities and to delete all reference to the authority to obtain information. Because his probation commenced at sentencing, Smith began participating in the first of a two-phase sex offender treatment program, the educational phase, at the Maine State Prison, where he was serving his sentence.

Paul A. Weeks (orally), Rudman & Winchell, Bangor, for appellant.

William R. Anderson, Dist. Atty., Patricia G. Worth (orally), Asst. Dist. Atty., Belfast, for appellees.

---

2. This is Smith's third appeal in this case. His first appeal, of his convictions, was unsuccessful. *State v. Smith,* 544 A.2d 301 (Me.1988) (*Smith I*). In a second appeal, we rejected Smith's challenge to the conditions of his probation. *State v. Smith,* 560 A.2d 1093, 1094 (Me. 1989) (*Smith II*).

Smith, however, was prevented from participating in the second phase of the program, the treatment phase, because of his refusal to sign the release that would enable program directors to obtain the historical information that was a prerequisite to participation, and because of his attempt to limit the information that the people who would be treating him could divulge to corrections officials.

Following Smith's release from prison, a motion to revoke probation was filed by Smith's probation officer. Probable cause of violation of the conditions of probation was found at a preliminary hearing based upon the testimony of that officer. Smith's probation was revoked after a hearing before the Superior Court and he was ordered to serve the sentence that was suspended at the time that probation was granted, a term of three years' incarceration.

Probation, a device designed to assist individuals in reintegrating into society, may be premised upon reasonable conditions that are tailored to a particular probationer's needs. *State v. Maier*, 423 A.2d 235, 239 & n. 3 (Me.1980); 17–A M.R.S.A. § 1204(1) (1983 & Supp.1989). A convicted person may be required "[t]o undergo ... psychiatric treatment," 17–A M.R.S.A. § 1204(2–A)(D), or "[t]o satisfy any other conditions reasonably related to the rehabilitation of the convicted person or the public safety or security." *Id.* (2–A)(M). Smith maintains that insufficient evidence was presented to allow the court to make the finding that he had violated the conditions of probation.[3] He contends that the directors of the sex offender treatment project precluded him from complying with the requirement of probation that he undergo counseling by imposing upon him an unreasonable condition, the authorization of the release of information, as a prerequisite to participation in the program. We disagree.

■ The evidence presented at the revocation hearing supported the finding that Smith had inexcusably violated the terms of probation requiring him to undergo counseling and to authorize the release of information. *State v. Brydon*, 454 A.2d 1385, 1387 (Me.1983). It is clear that Smith knew that his acts amounted to violations of probation conditions. *United States v. Dane*, 570 F.2d 840, 843–44 (9th Cir.1977), *cert. denied*, 436 U.S. 959, 98 S.Ct. 3075, 57 L.Ed.2d 1124 (1978) (requiring fair warning of conditions of probation); *see also State v. Cote*, 539 A.2d 628, 628–29 (Me.1988). Dr. Richard Kauffman, a director of the program, testified that the historical information to be secured by the release that Smith refused to sign was necessary for the efficacy of treatment and, thus, a prerequisite to participation in the treatment phase of the sex offender program. Although Smith never directly stated his intention to refuse sex offender treatment, he refused to answer questions concerning his need for such treatment and presented Jo-Ann Cook, Kauffman's successor as director of the program, with a notification of confidentiality that purported to limit the information that the people who would be treating Smith could disclose to corrections officials. That action was reasonably understood by Cook to amount to Smith's unilateral imposition of an unreasonable condition of his participation in the treatment program. The findings that Smith had inexcusably violated the conditions that he undergo counseling and sign the release were supported by credible evidence and do not comprise clear error.[4] *State v. La-Casce*, 512 A.2d 312, 316 (Me.1986); *State*

---

**3.** The court found that Smith had refused treatment and noted that "there is just no question ... but that Mr. Smith has attempted to impose his own conditions on the requirement that he receive counseling for ... sex offender[s]."

On appeal, Smith also complains that the condition of probation requiring that he undergo counseling for sex offenders "to the satisfaction of the probation officer" is impermissibly vague, a contention that he did not raise in his first appeal to this court. *See Smith I,* 544 A.2d at

302; *cf. State v. Cote,* 539 A.2d 628, 628–29 (Me.1988). "Principles of *res judicata* ... preclude [Smith] from taking a [third] appeal to the Law Court ... on an issue that was or could have been raised in the [earlier] appeal." *Smith II,* 560 A.2d at 1094.

**4.** We likewise reject Smith's related contention that the probation officer acted arbitrarily in bringing the motion to revoke probation.

*v. Sommer,* 388 A.2d 110, 112–13 (Me. 1978).

 Smith also contends that the preliminary hearing officer's consideration of facts concerning his refusal to abide by the conditions of probation, offered by Smith's probation officer in the form of hearsay, violated the rights guaranteed him as a probationer. While a preliminary hearing must comport with statutory requirements, *see* 17–A M.R.S.A. § 1205–A, a hearing officer may consider that evidence which would be deemed inadmissable at trial. M.R.Evid. 1101(b)(3); *Maier,* 423 A.2d at 239 n. 5; *see also United States v. Register,* 360 F.2d 689, 689 (4th Cir.), *cert. denied,* 385 U.S. 817, 87 S.Ct. 37, 17 L.Ed.2d 55 (1966). Moreover, the later revocation hearing in Superior Court afforded Smith the opportunity to confront and cross-examine those witnesses, namely the two directors of the program, that had been unavailable at the time of the preliminary hearing. 17–A M.R.S.A. § 1206(4). Smith's contention that his rights were infringed by the manner in which the preliminary hearing was conducted is without merit. *Id.* § 1205–A; *see State v. Hudson,* 470 A.2d 786, 789 (Me.1984).

The entry is:

As to Wal–89–314: Order of the Superior Court revoking probation affirmed.

As to Wal–89–184: Order of the Superior Court dismissing the petition for writ of habeas corpus affirmed.

All concurring.