STATE of Maine

v.

Rand E. WALKER.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 15, 1995.
Decided April 22, 1996.

R. Christopher Almy, District Attorney, Jeffrey Silverstein, Assistant District Attorney, Dover–Foxcroft, for the State.

Jerome B. Goldsmith, Bangor, for Defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

Rand Walker appeals from the Superior Court's (Piscataquis County, *Kravchuk, J.*) affirmance of the judgment entered in the District Court (Dover–Foxcroft, *Russell, J.*) convicting him of theft in violation of 17–A M.R.S.A. § 353 (1983), Class B. On appeal Walker argues that the court erred in requiring him to pay restitution in the amount of $25,000 as a condition of his probation, contending that the court failed to make the requisite inquiry into his ability to pay restitution and that the State failed to prove that the amount of his employer's loss was wholly attributable to him. We affirm the judgment.

Walker managed Harmon's Texaco in Milo from May 1989 through March 1994. Sometime prior to March 1994 John McKusick, the owner of Harmon's, noticed discrepancies between the sales records and the cash on hand. McKusick contacted the police and during an interview Walker admitted to the police that he had stolen money from Harmon's in an amount he estimated to be about $3,000, but possibly as much as $5,000. After reviewing pump meter readings, sales register receipts, register tapes, and purchase and delivery records, McKusick determined that approximately $42,000 was missing. Walker pleaded no contest to theft.[1] As a condition of probation Walker was ordered to make restitution to McKusick Petroleum in the amount of $25,000.

 When the Superior Court acts as an intermediate appellate tribunal we review the decision of the trial court directly. *State v. Dube*, 655 A.2d 338, 340 (Me.1995). We will address the legality of a sentence on direct appeal only when the alleged infirmity appears so plainly on the face of the record that its existence is shown as a matter of law. *State v. Dragon*, 521 A.2d 704, 705 (Me.1987).

 Before ordering restitution, a court is required to make a finding that the offender has or will have the ability to comply with the order. 17–A M.R.S.A. § 1325(2)(D) (1983 & Supp.1995); *State v. Cloutier*, 646 A.2d 358, 360 (Me.1994). The required finding may be derived from all of the information before the court. *See State v. O'Donnell*, 495 A.2d 798, 802 (Me.1985). From the presentence report and the sentencing hearing the court had before it the following information. Walker is married and has one child. He and his wife have a net combined monthly income of approximately $2,000. They have a 1989 Jeep Cherokee, a 1989 sixteen foot boat, a 1985 motorcycle, a 1973 camper, and approximately $5,600 in the bank.

Walker is correct that the only income information available to the court was the combined family income. The court was also aware, however, that Walker presently works full-time in Bangor and does odd jobs at night and on the weekends. Additionally, at the sentencing hearing Walker expressed a willingness and an immediate ability to pay $5,000 in restitution. This would leave a balance of $20,000 to be paid over a period of five years. Furthermore, section 1325(2)(D)(5) requires the court to consider the offender's resources when determining whether an order of restitution will create an excessive financial hardship. We have recently held that restitution should not be ordered when payment toward the debt would deprive the offender of basic necessities such as food, housing, or medical care. *State v. Johnson*, 667 A.2d 110, 111 (Me. 1995). That situation is not present here, however, and if Walker sold some of his unnecessary possessions he would be able to reduce the $20,000 debt.

The court did consider Walker's income and his other financial resources. Our conclusion in that regard is supported by its refusal to, as Walker suggested, condition probation on a requirement of restitution in any amount Walker may later be found to owe McKusick in a pending civil suit. The court stated that it did not believe Walker was capable of paying the full $42,000, so it was not authorized to fashion an award that might result in that amount.

At the sentencing hearing Walker maintained that he took between $3,000 and $5,000. He does not contest that McKusick's losses equaled approximately $42,000. We have not had occasion to determine what standard of proof must be met by the prosecutor before a court may order restitution. The statute requires a court, before ordering restitution, to "inquire of a prosecutor, police officer or victim with respect to the extent of the victim's financial loss." 17–A M.R.S.A. § 1323(1) (Supp.1995). We have said that a

---

1. Walker initially pleaded guilty to Class C theft, the exercise of unauthorized control over another's property in an amount greater than $1,000 but not more than $5,000. 17–A M.R.S.A. § 362 (1983 & Supp.1994). The State, however, following Walker's plea, was granted leave by the

court to amend the charge to Class B theft, the exercise of unauthorized control over another's property in an amount greater than $5,000. Walker's plea to the Class B charge was 'no contest." The court accepted this plea.

prosecutor who requests an order of restitution should respond with "an adequate factual foundation for setting the amount of the victim's economic loss." *State v. Lemieux*, 600 A.2d 1099, 1102 (Me.1991). The victim's economic losses in the instant case, however, are uncontested. Walker's argument is that there is insufficient proof tying those losses to his criminal conduct.

 In federal court "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." 18 U.S.C.A. § 3664(d) (West 1985). Similarly, in Maine a court may revoke probation for conduct that does not constitute a crime if it finds by a preponderance of the evidence that the conduct violates a requirement of probation. 17–A M.R.S.A. § 1206(6) (Supp.1995). We can think of no reason why the burden of persuasion in this case should be higher than either a probation revocation hearing or a restitution hearing in federal court. We therefore hold that before a court may order restitution the prosecutor must show by a preponderance of the evidence that the victim's economic losses are a result of the offender's criminal conduct.

 The undisputed evidence in the present case is that Walker was the manager of a gas station that suffered losses during his employ in the amount of $42,000. Walker admitted stealing money from the station. Finally, McKusick testified at the hearing that after Walker was fired there was a less than one gallon-a-day variation in the station's records. In light of this evidence the court's order of restitution is not so plainly erroneous that the error is shown as a matter of law on the face of the record. *State v. Dragon*, 521 A.2d 704, 705 (Me.1987).

The entry is:

Judgment affirmed.

All concurring.