Argued and submitted May 27, 1988, affirmed April 12, 1989

STATE OF OREGON,
*Respondent,*

*v.*

JERRY LEE CROCKER,
*Appellant.*

(87-CR-1724, 87-CR-1725; CA A46952)

771 P2d 1026

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Erik Wasmann, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In our original opinion issued February 22, 1989, 95 Or App 260 (1989), we dismissed this appeal, because defendant had pleaded guilty, imposition of sentence had been suspended and defendant had been granted probation, which, under *State v. Carmickle*, 307 Or 1, 762 P2d 290 (1988), was not a "sentence" within the meaning of ORS 138.050.[1] Because we believed that that statute alone governs appeals after a defendant had pleaded guilty and because there had been no sentence, we concluded that there was no right to appeal.

On March 7, 1989, the Supreme Court handed down *State v. Donovan*, 307 Or 461, 770 P2d 581 (1989), which confirmed our *Carmickle* analysis so far as it went but held that, when there has been no sentence, the controlling statute is ORS 138.040,[2] even though the defendant had pleaded guilty. Accordingly, the trial court's disposition, whatever it

---

[1] ORS 138.050 provides:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. If the judgment of conviction is in the circuit court or the district court, the appeal shall be taken to the Court of Appeals; if it is in the justice of the peace court or municipal court or city recorder's court, the appeal shall be taken to the district court for the county in which such court is located or if there is no district court for the county, to the circuit court for the county. On such appeal, the appellate court shall only consider the question whether a sentence has been imposed that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. If in the judgment of the appellate court the punishment imposed does exceed the maximum sentence allowable by law or is unconstitutionally cruel and unusual, the appellate court shall direct the court from which the appeal is taken to impose the punishment which should be administered."

[2] ORS 138.040 provides:

"The defendant may appeal to the Court of Appeals from a judgment on a conviction in a district or circuit court, and may cross-appeal when the state appeals pursuant to ORS 138.060(3). Upon an appeal, or cross-appeal, any decision of the court in an intermediate order or proceeding may be reviewed, and any sentence of the court may be reviewed as to whether it exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. A judgment suspending imposition or execution of sentence or placing a defendant on probation shall be deemed a judgment on a conviction and shall not be subject to appeal after expiration of the time specified in ORS 138.071 except as may be provided in ORS 138.050 and 138.510 to 138.680. If in the judgment of the appellate court the punishment imposed by the sentence appealed from exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual, the appellate court shall direct the court from which the appeal is taken to impose the punishment that should be administered."

might be called (excluding "sentence") was appealable. Given that decision, we withdrew the opinion in this case. We now consider the merits of the appeal.

Defendant pleaded guilty to rape in the second degree, ORS 163.365, involving his having sexual intercourse with his stepdaughter, who was under the age of 14, repeatedly over an extended period of time. In granting defendant probation for five years, the court imposed special conditions, No. 14F of which provides that he not be present in any private home, residence or vehicle in which there are children under the age of 18. Although defendant assumes that his appeal is authorized by ORS 138.050, he does not contend that the condition "exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual," which controls the scope of review under that statute.

We are now instructed, however, that the controlling statute is ORS 138.040, not ORS 138.050, and that the scope of review is not limited by the identical language in ORS 138.040, because the order granting probation is not a sentence and the limitations on the scope of review apply only to review of a sentence. *State v. Donovan, supra. Donovan* tells us that the probation order is a "decision of the court in an intermediate order or proceeding," review of which is authorized by ORS 138.040.[3] It appears that we are to review the condition to determine whether it is "for the protection of the public or reformation of the offender, or both." ORS 137.540(2).

Here, defendant's only contention is that the challenged condition should be more narrowly drawn to provide that he not be present in any private residence or vehicle with a female under the age of 18 without an adult present. The

---

[3] It is difficult to discern what remains of the limited review afforded by ORS 138.050 after a defendant pleads guilty or no contest. Under *Donovan,* it also appears that when a defendant has pleaded guilty, imposition of sentence has been suspended and probation has been ordered, the defendant may appeal, not only the order on probation, but any "intermediate order or proceeding," which, presumably, would include an order denying a motion to suppress evidence. It is difficult to believe that the legislature intended that result.

It might be that ORS 138.050 remains applicable to one who, after pleading guilty or no contest, is sentenced to a term of imprisonment, with execution suspended, and is placed on probation. That kind of an order might qualify as a sentence under *State v. Carmickle, supra.* However, an equal privileges problem would appear to be presented.

record, however, reflects that defendant has a long-standing history of sexual abuse that may have involved other children, in addition to his stepdaughter. It also indicates that the presence of adults has had little deterrent effect on defendant's sexual conduct in the past. In addition, another condition in the order, No. 7C, authorizes defendant to contact minors if he receives written permission from the court; the probation conditions are not quite so restrictive as defendant contends. The conditions imposed are intended to protect the public and assist in the reformation of defendant and are authorized by ORS 137.540(2)(g)(C).[4]

Affirmed.

---

[4] ORS 137.540(2)(g)(C) provides:

"In addition to the general conditions, the court may impose special conditions of probation for the protection of the public or reformation of the offender, or both, including, but not limited to, that the probationer shall:

"* * * * *

"(g)  Refrain from knowingly associating with:

"* * * * *

"(C)  Persons under a specified age except under specific circumstances specified in writing by the court or probation officer."