■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS B. McALLISTER, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Madison County (O'Brien, III, J.), rendered May 26, 1987, convicting defendant upon his plea of guilty of the crime of sodomy in the third degree.

Defendant entered a plea of guilty to sodomy in the third degree, arising out of an act of deviate sexual intercourse with his 15-year-old stepdaughter, and was sentenced to a six-month jail term and five years' probation. He appeals, challenging only the condition of probation that he "not contact nor cause to have contact be made *[sic]* with [defendant's stepdaughter and two daughters]* in any manner or under any circumstances".

---

* The daughters' ages were 11 and 12 at the time of sentencing.

We reject defendant's contention that Penal Law § 65.10 does not authorize this condition of probation. County Court had before it information that defendant had sexually abused his stepdaughter for a number of years and had similarly abused his older daughter before that. Defendant concedes that County Court was empowered to require defendant to stay away from the stepdaughter who was the victim of the crime (see, Penal Law § 65.10 [2] [k]; CPL 530.13), and, in our view, defendant's natural children were no less at risk. Under the circumstances, to deny defendant access to the most likely targets of his illness was "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10 [1]; see, People ex rel. Schumaker v Brophy, 147 Misc 254, affd 240 App Div 802; see also, People v Howland, 145 AD2d 866; Ramaker v State, 73 Wis 2d 563, 243 NW2d 534 [defendant convicted of taking indecent liberties with a female child prohibited from associating with any minor children]; Howland v State, 420 So 2d 918 [Fla] [defendant convicted of negligent child abuse prohibited from having any contact with his child or any child under the age of 16]; Annotation, Probation Condition—Personal Associations, 99 ALR3d 967, 973-974).

For the same reason, we decline to modify the sentence as an exercise of discretion in the interest of justice (see, CPL 470.15 [6] [b]).

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.