Argued and submitted December 19, 1988, affirmed July 12, 1989

STATE OF OREGON,
*Respondent,*

*v.*

DARRYL GENE ALTMAN,
*Appellant.*

(86-740; CA A48515)

777 P2d 969

Arthur P. Stangell, Oregon City, argued the cause and filed the brief for appellant.

Timothy Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals from an order revoking his probation and ordering execution of the sentence that was imposed when he pleaded guilty and was placed on probation. The state argues persuasively that there is no statutory authority for an appeal from an order revoking probation; however, in *State v. Bateman,* 95 Or App 456, 765 P2d 249 (1989), we concluded that, under ORS 138.050, if a previously ordered probation is revoked, the resulting order imposing the sentence may be appealed as a sentence.[1]

That conclusion does not resolve this case completely, because, in *Bateman,* the original judgment *suspended imposition* of sentence and ordered a probationary period. That judgment was not a "sentence," *State v. Carmickle, supra* n 1, and it was not until the defendant's probation was revoked that a "sentence" was imposed. Here, on the other hand, the original judgment *imposed* a sentence of one year in the county jail, suspended execution of the sentence and ordered three years probation. That judgment on conviction would have been appealable under ORS 138.050,[2] because it "imposed a sentence."[3] *Semble, State v. Donovan, supra* n 1; *State v. Carmickle, supra* n 1. Had that judgment been appealed, the scope of our review would have been limited to "whether a sentence had been imposed that exceeds the maximum sentence allowable by law or is unconstitutionally cruel

---

[1] In *State v. Hovater,* 37 Or App 557, 588 P2d 56 (1978), we held, without analysis and without the benefit of *State v. Carmickle,* 307 Or 1, 762 P2d 290 (1988), and *State v. Donovan,* 307 Or 461, 770 P2d 581 (1989), that an order revoking probation is appealable.

[2] ORS 138.050 provides:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. If the judgment of conviction is in the circuit court or the district court, the appeal shall be taken to the Court of Appeals; if it is in the justice of the peace court or municipal court or city recorder's court, the appeal shall be taken to the district court for the county in which such court is located or if there is no district court for the county, to the circuit court for the county. On such appeal, the appellate court shall only consider the question whether a sentence has been imposed that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. If in the judgment of the appellate court the punishment imposed does exceed the maximum sentence allowable by law or is unconstitutionally cruel and unusual, the appellate court shall direct the court from which the appeal is taken to impose the punishment which should be administered."

[3] *See State v. Crocker,* 96 Or App 111, 114 n 3, 771 P2d 1026 (1989).

and unusual." ORS 138.050. Because a "sentence" already had been imposed, the order revoking defendant's probation and ordering the execution of the sentence previously imposed did not "impose a sentence" within the meaning of ORS 138.050. Therefore, *State v. Bateman, supra,* is not controlling.

**1.** Under ORS 138.040,[4] however, "the defendant may appeal * * * from a judgment on a conviction * * *." *State v. Carmickle, supra* n 1, and *State v. Donovan, supra* n 1, instruct that ORS 138.040 and ORS 138.050 are to be read together and should be construed broadly to permit a defendant to appeal. The document entered by the trial court in this case is entitled "Probation Violation Hearing" and does two things: It revokes defendant's probation and then orders that the sentence previously imposed be executed, to-wit: "That defendant serve a term not to exceed one year in the Clackamas County jail." A final document in a criminal case need not bear any particular title, *State v. McDonnell,* 306 Or 579, 586, 761 P2d 921 (1988); its provisions control what kind of document it is. The document here orders that the jail sentence that was previously suspended after defendant's conviction be executed. It is a judgment that is based on defendant's prior conviction. We conclude that the document is a "judgment on a conviction" within the meaning of ORS 138.040.

Because the appeal comes under ORS 138.040, defendant may seek review of a decision of the trial court in an "intermediate order or proceeding." The order revoking defendant's probation preceded, albeit immediately, the order

---

[4] ORS 138.040 provides:

"The defendant may appeal to the Court of Appeals from a judgment on a conviction in a district or circuit court, and may cross-appeal when the state appeals pursuant to ORS 138.060(3). Upon an appeal, or cross-appeal, any decision of the court in an intermediate order or proceeding may be reviewed, and any sentence of the court may be reviewed as to whether it exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. A judgment suspending imposition or execution of sentence or placing a defendant on probation shall be deemed a judgment on a conviction and shall not be subject to appeal after expiration of the time specified in ORS 138.071 except as may be provided in ORS 138.050 and 138.510 to 138.680. If in the judgment of the appellate court the punishment imposed by the sentence appealed from exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual, the appellate court shall direct the court from which the appeal is taken to impose the punishment that should be administered."

executing the sentence previously imposed; therefore, it may be reviewed as an intermediate order.

**2.** Having tried to follow the logic of *State v. Carmickle, supra* n 1, and *State v. Donovan, supra* n 1, as we must, we go to the merits. One of the mandatory statutory conditions of probation, ORS 137.540(1), requires the probationer to permit home visits by the probation officer. Defendant's probation officer, together with another probation officer and two uniformed officers, appeared at defendant's front door. When defendant opened the door, his probation officer advised him that they wished to make a home visit, whereupon defendant shut the door and declined to let any of them in. He contends that they intended to search his home because they had heard that he was growing marijuana and that it was not a condition of his probation that he permit his home to be searched.

**3.** There is no evidence that defendant knew that his probation officer had learned about his growing marijuana but, even if one purpose of the visit might be to inquire about marijuana, he had no right to refuse to permit the visit. If the officers had sought his consent to search, he was not obligated to consent and, without his consent or a warrant, they would not have been permitted to search.

The trial court found that defendant wilfully violated a condition of his probation; it did not abuse its discretion.

Affirmed.