559 So.2d 1270 (1990)
Bret JANO, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0746.
District Court of Appeal of Florida, Fourth District.
April 18, 1990.
Rehearing Denied May 23, 1990.
*1271 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
Appellant seeks review of his sentence for lewd and lascivious assault.
In 1984 appellant was convicted of capital sexual battery of his then two and a half year old daughter and sentenced to life in prison. He appealed, and this court reversed his conviction and sentence.[1] Appellant had been jailed for five years and eight months. On remand, the state nolle prossed the sexual battery charge and refiled a lewd and lascivious assault charge. Appellant pled guilty to the new charge and he elected to be sentenced under the guidelines. The recommended guideline sentence was three and one-half to four and one-half years in prison. The maximum permitted guideline sentence was five and a half years. The trial court sentenced appellant to nine years probation with the special condition that he have "no contact with [the] victim while on probation."
Appellant contends that because his jail time exceeded the permitted guideline sentence no further punishment can be imposed. Appellant also contends that the special condition of probation was an abuse of discretion.
Lewd and lascivious assault is a second degree felony punishable "by a term of imprisonment not exceeding 15 years." § 800.04 and 775.082, Fla. Stat. (1987). "[A]s long as the term of incarceration falls within the guidelines, the only requirement as [sic] length of probation is that, in combination with the prison term, it not exceed the sentence set by general law." Putt v. State, 527 So.2d 914 (Fla. 3d DCA 1988).
We assume the trial judge meant to credit appellant with time served and impose the longest possible period of probation. Subject to sentencing guidelines, the trial *1272 judge could have imposed any combination of jail time and probation so long as the split sentence total did not exceed the fifteen year maximum allowable sentence.
However, the imposed sentence of straight probation departed from the sentencing guidelines and the trial judge gave no written reasons for the downward departure, State v. Malone, 489 So.2d 213, 214 (Fla. 3d DCA 1986), and neither the sentence nor judgment form credited appellant with time served.
Accordingly, we reverse appellant's illegal sentence and remand for resentencing. On remand, the trial judge can choose one of several sentencing alternatives: (1) sentence outside the guidelines with written reasons for the downward departure and impose a nine year straight probation sentence as before, but with credit for time served; (2) sentence outside the guidelines with written reasons for the upward departure and impose jail time of five years and eight months, with credit for time served, followed by nine years of probation; (3) sentence within the guidelines and impose straight jail time up to the permitted guideline sentence of five and a half years, with credit for time served; or (4) split sentence within the guidelines (not to exceed the statutory maximum term of years) imposing jail (up to the guideline permitted five and a half years), with a five year and six month credit for time served, followed by probation (not to exceed nine years), with a two month credit as the remainder of the time served.[2]
We find no abuse of discretion as to the imposed special condition of probation. A trial judge has broad discretion in specifying the conditions of probation. Coulson v. State, 342 So.2d 1042, 1043 (Fla. 4th DCA 1977). "The terms and conditions of probation are valid if the activities restricted bear a reasonable relation to the past or future criminality of the probationer, notwithstanding that such activities may be lawful in themselves." Id. (emphasis added). We hold that a special condition of probation which precludes contact between the perpetrator of a sexual crime and his or her victim bears a reasonable relation to future criminality especially where a familial relationship provided the opportunity for the past criminal incident.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR RESENTENCING CONSISTENT WITH THIS OPINION.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] Jano v. State, 510 So.2d 615 (Fla. 4th DCA 1987), approved, 524 So.2d 660 (Fla. 1988) (reversible error to admit victim's statements as spontaneous statement or excited utterance).
[2] We believe that any upward departure sentence whereby appellant would be jailed beyond five years and eight months or placed on probation for more than nine years would pierce his protection against double jeopardy. North Carolina v. Pierce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).