Argued and submitted December 21, 1990, affirmed February 6, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# THOMAS CARL VAUGHN,
*Appellant.*

(10-78-8808; CA A61085)

805 P2d 733

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals an order continuing his probation. ORS 137.550(1)(a).[1] He contends that the trial court lacked jurisdiction, because a valid arrest warrant had not been issued within the period of probation. We affirm.

Defendant was convicted of felony driving while suspended and sentenced in November, 1978. *Former* ORS 487.560 (*repealed by* Or Laws 1983, ch 338, § 978). Execution of the sentence was suspended, and he was placed on probation for three years. In April, 1980, the court issued an order to show cause and ordered that a bench warrant be issued for his arrest. A warrant signed by the court clerk issued. Defendant was not arraigned on the probation violation until 1989. After a hearing, the court entered an order that continued him on probation and imposed additional conditions.

The state contends that we lack jurisdiction, because the order from which defendant appeals was not a "judgment on a conviction" under ORS 138.040.[2] We disagree. The order continuing probation is appealable and reviewable. *State v. Donovan,* 307 Or 461, 770 P2d 581 (1989); *see also State v. Altman,* 97 Or App 462, 777 P2d 969 (1989); *State v. Crocker,* 96 Or App 111, 771 P2d 1026 (1989).

When the state moved for a show cause order, the court retained jurisdiction to modify and to extend defendant's probation. *State v. Lopez,* 30 Or App 687, 691, 567 P2d 1059 (1977). However, defendant contends that that jurisdiction was lost, because the warrant was issued by a court clerk, rather than a magistrate, and was therefore invalid. He argues

---

[1] ORS 137.550(1)(a) provides:

"The period of probation shall be such as the court determines and may, in the discretion of the court, be continued or extended."

[2] ORS 138.040 (*since amended by* Or Laws 1989, ch 849, § 4) provided, in part:

"The defendant may appeal to the Court of Appeals from a judgment on a conviction in a district or circuit court, and may cross-appeal when the state appeals pursuant to ORS 138.060(3). Upon an appeal, or cross-appeal, any decision of the court in an intermediate order or proceeding may be reviewed, and any sentence of the court may be reviewed as to whether it exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. A judgment suspending imposition or execution of sentence or placing a defendant on probation shall be deemed a judgment on a conviction and shall not be subject to appeal after expiration of the time specified in ORS 138.071 except as may be provided in ORS 138.050 and 138.510 to 138.680."

that, under ORS 137.550(2),[3] "warrant" means an arrest warrant under ORS 133.140(5).[4] Accordingly, because a magistrate did not sign the warrant, the court did not retain jurisdiction.

ORS 137.550(2) does not specify the type of warrant that a court may issue in order to retain its jurisdiction over a defendant who is on probation. However, when read with ORS 131.005(2)[5] and when compared with ORS 131.005(14),[6] it is apparent that the legislature contemplated that a bench warrant could be used to procure the appearance of a probationer who has absconded. The bench warrant issued for defendant's arrest complies with the requirements of ORS 137.060,[7] and

---

[3] ORS 137.550(2) provides, in part:

"At any time during the probation period, the court may issue a warrant and cause a defendant to be arrested for violating any of the conditions of probation."

[4] ORS 133.140(5) provides:
"A warrant of arrest shall:
"* * * * *

"Be in the name of the State of Oregon or the city where issued, be signed by and bear the title of the office of the magistrate having authority to issue a warrant for the crime charged * * *."

This statute was amended in 1983. However, the change does not pertain to the issue in this case.

[5] ORS 131.005(2) provides:
" 'Bench warrant' means a process of a court in which a criminal action is pending, directing a peace officer to take into custody a defendant in the action who has previously appeared before the court upon the accusatory instrument by which the action was commenced, and to bring the defendant before the court. The function of a bench warrant is to achieve the court appearance of a defendant in a criminal action for some purpose other than the initial arraignment of the defendant in the action."

The statute was amended in 1983. However, the changes do not pertain to the issue in this case.

[6] ORS 131.005(14) provides:
" 'Warrant of arrest' means a process of a court, directing a peace officer to arrest a defendant and to bring the defendant before the court for the purpose of arraignment upon an accusatory instrument filed therewith by which a criminal action against the defendant has been commenced."

[7] ORS 137.060 provides:
"The bench warrant shall be substantially in the following form:

"CIRCUIT (OR DISTRICT)
COURT FOR THE COUNTY OF _____,
STATE OF OREGON
IN THE NAME OF THE STATE
OF OREGON

the trial court retained jurisdiction to hold a hearing in 1989.

Affirmed.

---

"'To any peace officer in the State of Oregon, greeting:

"A B having been on the _____ day of _____, 19__, convicted in this court of the crime of (designating it generally), you are commanded to arrest the above-named defendant forthwith and bring the defendant before such court for judgment or, if the court has adjourned for the term, deliver the defendant into the custody of the jailor of this county. By order of the court.

"Witness my hand and seal of said circuit (or district) court, affixed at _____, in said county, this _____ day of _____, 19__.

"[L. S.]

"C. D., Clerk of the Court."