STATE of Maine

v.

Donald COREAU.

Supreme Judicial Court of Maine.

Argued Sept. 9, 1994.

Decided Dec. 12, 1994.

David Gregory (orally), Office of Dist. Atty., Alfred, for the State.

Jeffrey W. Langholtz (orally), Biddeford, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Donald Coreau appeals from sentences imposed by the Superior Court (York County, *Brodrick, J.*) for convictions following his guilty pleas to charges of unlawful sexual contact with a dangerous weapon (17–A M.R.S.A. §§ 255(1)(A) & 1252(4) (1983 & Supp.1994)), aggravated furnishing of scheduled drugs (17–A M.R.S.A. § 1105 (1983 & Supp.1994)), and criminal threatening with a dangerous weapon (17–A M.R.S.A. §§ 209 & 1252(4) (1983)). Although we reject Coreau's contention that the sentence imposed for aggravated furnishing of scheduled drugs is excessive in length, we do agree that one of

the conditions of his probation, namely, that he be permitted no contact of any kind with his own children, is not reasonably related to the crimes for which he was convicted, nor designed to accomplish any reasonable purpose of probation. Accordingly, we vacate that portion of the sentence that imposes conditions of probation, and remand for reconsideration.

Coreau's convictions stem from an incident in Biddeford during which he subjected a fourteen-year-old girl, at knife point, to sexual acts and inserted cocaine into her mouth and vagina, threatening to kill her if she told anyone.[1]

Coreau entered pleas of guilty pursuant to a plea agreement. *See* M.R.Crim.P. 11, 11A. The State recommended a maximum period of incarceration of ten years, with two years suspended, and four years' probation following his release from prison. One of the conditions of probation recommended by the State was that Coreau have no contact with any children under the age of sixteen. Coreau was free to and did argue for a lesser sentence. In particular, he requested that the prohibition of contact with children under the age of sixteen not include his own three minor children. The court accepted the recommendation of the State, and on the charge of aggravated furnishing of scheduled drugs sentenced Coreau to ten years' incarceration, with all but eight years suspended, followed by a four-year period of probation. The conditions of probation imposed on Coreau by the court included prohibition of *any* contact with children under the age of sixteen, including Coreau's own children. Coreau received concurrent sentences of five years for unlawful sexual contact and criminal threatening. Pursuant to 15 M.R.S.A. §§ 2151, 2152 (Supp.1994), and M.R.Crim.P. 40, Coreau was granted leave to appeal his sentence.

**I.**

■ Coreau first contends that the sentence of ten years, with all but eight years suspended, for his conviction of aggravated furnishing of a scheduled drug, a Class B offense, is excessive. The contention is without merit. The imposition of a ten-year basic period of incarceration in this case, the highest that may be imposed for a Class B offense, discloses no misapplication of principle. *See State v. Hewey,* 622 A.2d 1151, 1155 (Me.1993). The young victim was forcibly subjected to the ingestion of a potentially life-threatening drug by the insertion of cocaine into her mouth and vagina. This compares on a scale of seriousness with the worst ways that the crime could be committed. *See State v. Michaud,* 590 A.2d 538, 542 (Me.1991).

Moreover, the presence of aggravating factors, including Coreau's criminal history (which included convictions for a threatening communication and assault with a firearm, and two counts of rape, resulting in Coreau serving time in state prison on two separate occasions), and his lack of remorse, further justify a maximum period of incarceration of ten years. *See State v. Roberts,* 641 A.2d 177, 179 (Me.1994). Although there were some mitigating factors present, in view of the need to protect the public, the court acted well within its discretion in suspending only two years from the ten-year maximum period of incarceration in imposing the final sentence. *See Hewey,* 622 A.2d at 1155.

**II.**

■ We agree, however, with Coreau's contention that the court abused its discretion by imposing a condition of his probation prohibiting him from all contact with his own minor children.[2] A sentencing court's power to impose conditions of probation is governed

---

1. In addition to the charges to which he entered pleas of guilty, Coreau was charged with assault, 17–A M.R.S.A. § 207 (1983 & Supp.1994), terrorizing, 17–A M.R.S.A. § 210 (1983), and tampering with a victim, 17–A M.R.S.A. § 454 (Supp.1994). Those charges were dismissed in accordance with the plea agreement.

2. Because Coreau knew in advance that the court was going to consider whether the terms of probation should restrict him from having contact with his children, and he had the opportunity to address the court on that issue, his due process rights were not violated. *See State v. Hudson,* 470 A.2d 786, 789 (Me.1984).

by 17–A M.R.S.A. § 1204 (1983 & Supp. 1994), which provides in pertinent part:

    1. [The court] shall attach such conditions of probation, as authorized by this section, as it deems to be reasonable and appropriate to assist the convicted person to lead a law-abiding life. . . .

    ·    ·    ·    ·    ·

    2–A. As a condition of probation, the court in its sentence may require the convicted person:

    ·    ·    ·    ·    ·

    F. To refrain from frequenting specified places or consorting with specified persons;

    ·    ·    ·    ·    ·

    M. To satisfy any other conditions reasonably related to the rehabilitation of the convicted person or the public safety or security.

We have stated that

    [t]he purpose of probation is to help individuals reintegrate into society as constructive individuals as soon as they are able. Restrictions aimed at furthering the rehabilitation process by prohibiting conduct deemed dangerous to the restoration of the probationer into normal society . . . may be placed upon the probationer's liberty.

**3.** Several states have applied a three-part test in reviewing the propriety of conditions of probation. For example, the Supreme Court of Vermont stated that

    a probation condition will be found valid unless: (1) it has no relationship to the crime for which the defendant was convicted; (2) it relates to conduct which is not itself criminal; and (3) it requires or forbids conduct which is not reasonably related to future criminality. *State v. Whitchurch,* 155 Vt. 134, 577 A.2d 690, 692 (1990) (citing *People v. Lent,* 15 Cal.3d 481, 124 Cal.Rptr. 905, 908, 541 P.2d 545, 548 (1975)); *see also* A.B.A. *Standards for Criminal Justice 2d* § 18–2.3.

**4.** The cases in which similar probation conditions have been upheld generally involve instances in which the defendant has abused his own children. *See Nitz v. State,* 745 P.2d 1379 (Alaska Ct.App.1987) (convicted of sexually abusing daughter); *Jano v. State,* 559 So.2d 1270 (Fla.

*State v. Maier,* 423 A.2d 235, 239 n. 3 (Me. 1980) (citations omitted); *see also State v. Smith,* 573 A.2d 384, 386 (Me.1990).

■ Coreau has committed sexual crimes against a fourteen-year-old girl, and has a history of similar crimes. Accordingly, the general prohibition of Coreau from contact with children under the age of sixteen is reasonably related to the crimes for which Coreau has been convicted, furthers the rehabilitation process by reducing the risk of Coreau committing further crimes against minors, and protects the public safety.[3] Extending that restriction to *unsupervised* contact with his own children bears a sufficient relationship to the crimes for which he has been convicted, reduces the risk of further criminality, and is a protection for the children. *See State v. Whitchurch,* 155 Vt. 134, 577 A.2d 690 (1990).

The court's prohibition of *any* type of contact between Coreau and his children, including supervised or monitored contact, however, goes well beyond the language of 17–A M.R.S.A. § 1204 and the purposes of probation. The condition is not sufficiently related to the crimes for which he was convicted and has little to do with public safety. There is no evidence that Coreau has abused any of his own children, and there is nothing in the record to indicate that his presence would be psychologically damaging to his children.[4] Moreover, supervised or monitored contact eliminates the risk of future abuse while at

Dist.Ct.App.1990) (convicted of capital sexual battery of daughter); *Howland v. State,* 420 So.2d 918 (Fla.Dist.Ct.App.1982) (convicted of negligent child abuse); *State v. Credeur,* 328 So.2d 59 (La.1976) (convicted of attempted aggravated crime against nature with daughter); *People v. McAllister,* 150 A.D.2d 913, 541 N.Y.S.2d 622 (1989) (convicted of sexually abusing stepdaughter); *State v. Crocker,* 96 Or.App. 111, 771 P.2d 1026 (1989) (convicted of second degree rape of stepdaughter); *Whitchurch,* 155 Vt. 134, 577 A.2d 690 (1990) (convicted of lewd and lascivious conduct with daughter); *cf. Hardman v. Hardman,* 185 Ga.App. 519, 364 S.E.2d 645 (1988) (convicted of crimes involving granddaughter); *but see People v. Hazelwonder,* 138 Ill.App.3d 213, 93 Ill.Dec. 1, 485 N.E.2d 1211 (1985) (convicted of violating former wife's protective order). Even though these cases involve defendants' crimes against their own children, many of them do not impose flat prohibitions against any contact with minor children and often allow for approved visits.

the same time increasing the chances that the family will remain intact. Coreau's wife, the mother and custodian of his three youngest children (at the time of sentencing, a five-year-old girl, a two-and-one-half-year-old boy, and a six-month-old boy), testified that Coreau is a loving and caring parent. She intends to stay married to him and desires to maintain their family unity. The prohibition of any contact unnecessarily punishes his children by depriving them of nonthreatening, supervised contact with their father and jeopardizes their opportunity to benefit from a stable, two-parent home environment. *See In re Daniel C.*, 480 A.2d 766, 768–69 (Me. 1984) (public policy furthered by encouraging relationship between parent and child, even when parent is incarcerated). Moreover, such a punitive condition does nothing to further Coreau's rehabilitation and reintegration into society. The trial court abused its discretion in precluding even supervised contact with his children.[5]

■ Contrary to the State's contention, the fact that 17–A M.R.S.A. § 1202(2) (Supp. 1994)[6] sets out a procedure for modifying conditions of probation does not preclude Coreau from his entitlement to a determination of the appropriateness of the conditions of probation at the time they are imposed. *See State v. Webber*, 613 A.2d 375, 378 (Me. 1992) (determination of ability to pay restitution must be made at time of sentencing, and cannot be put off until time of release from prison). Accordingly, we will evaluate the propriety of the probation conditions when imposed. The court in this case went beyond

the legitimate purposes of 17–A M.R.S.A. § 1204 and exceeded the bounds of its discretion by prohibiting any and all contact between Coreau and his children. We therefore remand to the Superior Court for reconsideration of the conditions of probation.[7]

The entry is:

That portion of the sentence imposing conditions of probation vacated. Remanded for reconsideration of conditions of probation. In all other respects, sentences affirmed.

All concurring.

---

5. The State acknowledged during oral argument that Coreau would be entitled to supervised visitation with his children during his period of incarceration. That fact only emphasizes the inappropriateness of precluding all supervised contact with Coreau's children after he leaves prison.

6. 17–A M.R.S.A. § 1202(2) (Supp.1994) provides:
   2. During the period of probation specified in the sentence made pursuant to subsection 1, and upon application of a person on probation, the person's probation officer, or upon its own motion, the court may, after a hearing upon notice to the probation officer and the person on probation, modify the requirements imposed, add further requirements authorized by section 1204, or relieve the person on probation of any requirement that, in its opinion,

imposes on the person an unreasonable burden.

7. At the sentencing hearing, the trial court was not presented with any proposal by Coreau for supervised contact with his children. Indeed, Mrs. Coreau asked that her husband, on his release from incarceration, be permitted to resume a normal life and to see his children, subject only to counseling. This implicit argument for unsupervised contact with the children was unrealistic. If Coreau had presented a carefully thought out plan for supervised contact, as defendants occasionally do in these situations, or if Coreau had asked for contact in accordance with a plan satisfactory to the Division of Probation and Parole, as defendants frequently do, the trial court would have a more helpful basis for making its difficult decision on parent/child contact.