1997 ME 85

**STATE of Maine**

v.

**William KING.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 24, 1997.

Decided April 29, 1997.

Norman R. Croteau, District Attorney, Kevin J. Reagan, Auburn, for the State.

Sheila A. Cook, Law Offices of William Maselli, Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant William King appeals from a judgment entered in the Superior Court (Androscoggin County, *Calkins, J.*) convicting him of unlawful sexual contact (17–A M.R.S.A. § 255 (Supp.1996)). Defendant argues that a probation condition, imposed as part of his sentence, prohibiting contact with children under the age of sixteen without the permission of his probation officer is illegal and violates his due process rights. Finding no error, we affirm the judgment.

[¶ 2] Defendant argues specifically that the Superior Court exceeded its authority in imposing a probation condition that prohibits contact even with his own children without the prior consent of his probation officer. He cites our decision in *State v. Coreau*, 651 A.2d 319 (Me.1994) in support of his argument.

[¶ 3] The court's power to impose conditions of probation is governed by 17–A M.R.S.A. § 1204 (1983 & Supp.1996). That section provides in relevant part as follows:

1. [The court] shall attach such conditions of probation, as authorized by this section, as it deems to be reasonable and appropriate to assist the convicted person to lead a law-abiding life. . . .

. . . .

2–A. As a condition of probation, the court in its sentence may require the convicted person:

. . . .

M. To satisfy any other conditions reasonably related to the rehabilitation of the convicted person or the public safety or security.

[¶ 4] In *Coreau*, we held that the sentencing court abused its discretion by imposing a "no contact" provision as part of its sentence.

Coreau was sentenced for various crimes stemming from an incident in Biddeford during which he subjected a fourteen-year-old girl to sexual acts at knife point. In addition, he inserted cocaine into her mouth and vagina, threatening to kill her if she told anyone. The court's sentence prohibited all contact with any child under sixteen and the court declined to except Coreau's own children from that prohibition. *Coreau*, 651 A.2d at 320. On review, we noted that the general prohibition from contact with children was "reasonably related to the crimes for which Coreau has been convicted, furthers the rehabilitation process by reducing the risk of Coreau committing further crimes against minors, and protects the public safety." *Id.* at 321. We observed that requiring supervised contact with his own children would also reduce the risk of future criminality and protect the children.

[¶ 5] We then considered that the probation condition prohibited Coreau from having even supervised contact with his children and held that this element of the probation condition was "well beyond the language of 17–A M.R.S.A. § 1204 and the purposes of probation." *Id.* There was no evidence that Coreau abused any of his own children or that his presence would be psychologically damaging to them. His wife had testified that he was a good parent and that she intended to remain married to him. Supervised contact, we stated:

> [e]liminates the risk of future abuse while at the same time increasing the chances that the family will remain intact. . . . The prohibition of any contact unnecessarily punishes his children by depriving them of nonthreatening, supervised contact with their father and jeopardizes their opportunity to benefit from a stable, two-parent home environment. . . . Moreover, such a punitive condition does nothing to further Coreau's rehabilitation and reintegration into society.

*Id.* at 321–322.

[¶ 6] The propriety of any given probation condition depends heavily on the facts of the case before the court. *State v. Smith*, 573 A.2d 384, 386 (Me.1990). The present case is factually distinguishable from *Coreau*. Here, the defendant repeatedly abused the child who lived in his own home. There is no testimony that defendant is a good father. Rather, there is evidence that defendant's children and his living companion's other child were sexually abused by defendant's half-brother and father. The forensic evaluation of defendant notes "[a]ll the children in his care have reported to have been sexually abused by a family member. This indicated that he has not provided adequate supervision of his children across time."

[¶ 7] The probation condition in the present case also differs from that in *Coreau*. It does not flatly prohibit contact between defendant and his children but permits contact with the approval of a probation officer. This condition is similar to a requirement of supervision. It permits contact when appropriate but protects the children. *See Coreau*, 651 A.2d at 322 n. 7 (defendant should have presented the court with plan for supervised contact or for contact in accordance with a plan satisfactory to the Division of Probation and Parole). The condition does not have the punitive nature of the condition in *Coreau*; it is reasonably related to the crime committed, furthers the rehabilitation process by reducing the risk of further crimes, and protects the public safety. The court did not abuse its discretion.

[¶ 8] Defendant's remaining argument is without merit. His due process rights were amply protected by the sentencing procedures in this case. Defendant was given notice of the possible imposition of the condition and was provided with an opportunity to be heard at the time the sentence was imposed. *Id.* at 320 n. 2.

The entry is:

Judgment affirmed.