2000 ME 165

**STATE of Maine**

v.

**Jason NOLAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 14, 2000.
Decided: Oct. 2, 2000.

Michael Cantara, Dist. Atty., David Gregory, Office of District Attorney, Alfred, for the State.

Joel Vincent, Vincent & Kantz, Portland, for the defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Pursuant to M.R.Crim. P. 40A, Jason Nolan appeals from a sentence imposed by the Superior Court (York County, *Crowley, J.*) after his conviction of, *inter alia,* an assault on a police officer. The sentence includes a special condition of probation prohibiting him from entering the Towns of Sanford and Wells. Nolan contends that the condition barring him from Sanford is overly broad because it is not reasonably related to his rehabilitation or to public safety or security. Leave to appeal was granted by the Sentence Review Panel. *See* 15 M.R.S.A. § 2152 (1999). We review for abuse of discretion and finding none, we affirm.

I.

[¶ 2] Jason Nolan was twenty-years-old when he assaulted Sanford Police Officer Gilman. Nolan has essentially lived on his own since the age of thirteen. Nolan's mother is believed to have died in 1995 and Nolan has no recollection of ever living with his father or having contact with him. While incarcerated for the assault of Gilman, Nolan commenced a relationship with his father, who lives and works in Sanford. Nolan's father has offered to employ his son and to assist him in rehabilitating his life upon his release from prison.

[¶ 3] Nolan has a long history of involvement with the courts. As an adult, he has been convicted of driving without a license; criminal trespass; refusing to submit to arrest; failing to stop for a police officer; and assault. Prior to the instant charges, Nolan was released on bail for pending charges of assault and theft. Nolan's adult offenses have occurred predominantly in Sanford and the immediate area.

[¶ 4] On the night of April 27, 1999, after Nolan had been drinking at a friend's house, Gilman detained Nolan for possession of liquor by a minor. Prior to reaching Gilman's cruiser, Nolan attempted to run away, but Gilman tackled him. An eyewitness saw Nolan get to his feet quick-

ly, seize Gilman's flashlight, and strike Gilman on the back of the head with the flashlight. Nolan then ran from the scene, but was arrested several hours later.

[¶ 5] Gilman sustained a fractured skull, subdural hematoma, and contusions from the flashlight striking the back of his head. Gilman has permanent damage to his sense of smell and taste, and will likely experience bouts of vertigo throughout his life. Gilman has resumed full-time employment with the Sanford Police.

[¶ 6] Nolan was indicted on five counts following his arrest: (1) elevated aggravated assault, Class A; (2) assault on a police officer, Class C; (3) violation of condition of release, Class E; (4) attempted murder, Class A; and (5) aggravated assault, Class B. Nolan pleaded guilty to assault on a police officer, violation of condition of release, and aggravated assault, Counts 2, 3, and 5, respectively. Counts 1 and 4 were dismissed by the state.

[¶ 7] Nolan was sentenced to ten years, six months imprisonment with all but six years suspended and five years of proba-

tion. Special conditions of probation were imposed by the Superior Court, which included a blanket prohibition on Nolan entering the Towns of Sanford and Wells.[1]

## II.

[¶ 8] Nolan asserts that prohibiting his entrance into Sanford and Wells is an overly broad condition that is not reasonably related to his rehabilitation or to public safety or security. The state contends that Nolan's past criminal activities are almost entirely centered in Sanford; that he has not complied with past conditions of release; and that for these reasons, Nolan's rehabilitation and the safety of Gilman and his family require a blanket prohibition on Nolan entering the Town of Sanford. We review conditions of probation imposed by the Superior Court for abuse of discretion. *State v. Coreau*, 651 A.2d 319, 320 (Me.1994); *See also* 15 M.R.S.A. § 2155 (Supp.1999).

[¶ 9] A court's power to impose conditions of probation is governed by 17–A M.R.S.A. § 1204 (1983 & Supp.1999).[2]

1. The Special Conditions of Probation include:
    1. Refrain from possession and use of any unlawful drugs and the possession or use of intoxicating liquor;
    2. Not own, possess or use any firearm or dangerous weapons;
    3. Submit to random search and testing for alcohol, drugs, firearms, dangerous weapons upon reasonable suspicion of use or possession
    4. Maintain employment;
    5. Other:
        a. **Not to enter the Town of Wells or the Town of Sanford unless on the Maine Turnpike;**
        b. Have no contact of any kind with Matthew Gilman and the family of said person.

2. Title 17–A M.R.S.A. § 1204 provides in pertinent part:
    1. If the court imposes a section 1152 sentencing alternative which includes a period of probation, it shall attach such conditions of probation, as authorized by this section, as it deems to be reasonable and appropriate to assist the convicted person to lead a law-abiding life, provided that in

every case it shall be a condition of probation that the convicted person refrain from criminal conduct.

. . .

2–A. As a condition of probation, the court in its sentence may require the convicted person:

\*    \*    \*    \*    \*    \*

F. To refrain from frequenting specified places or consorting with specified person;

G. To refrain from possessing any firearms or other dangerous weapon;

H. To remain within the jurisdiction of the court, unless permission to leave temporarily is granted in writing by the probation officer, and to notify the probation officer of any change in his address or his employment;

I. To refrain from drug abuse and use or excessive use of alcohol;

\*    \*    \*    \*    \*    \*

K. To pay any monetary penalty imposed by the court as part of the sentence;

\*    \*    \*    \*    \*    \*

M. To satisfy any other conditions reasonably related to the rehabilitation of the

Probation is a device designed to assist individuals in reintegrating into society, and may be premised on reasonable conditions that are tailored to a particular probationer's needs. *State v. Smith,* 573 A.2d 384, 386 (Me.1990). The sentencing court may impose restrictions on the probationer's liberty that furthers the rehabilitation process by prohibiting conduct deemed to impose the reintegration of the probationer into normal society. *Coreau,* 651 A.2d at 321. Probation conditions must, however, (1) be reasonably related to the crimes for which the probationer has been convicted; (2) further the rehabilitation process by reducing the risk of the probationer committing similar crimes again; or (3) protect the public safety. *Id.*

[¶ 10] The Sentencing Transcript reflects an extensive discussion of the conditions of Nolan's probation. The State sought a condition that Nolan be prohibited from entering the Towns of Wells and Sanford except for travel through those towns on the turnpike. The trial court said,

> And I think at this time that that is an appropriate condition to impose upon the defendant. Sanford has not been a place where the defendant has behaved himself or where it appears that there is any constructive reason for him to be there. His contact with the town of Sanford since well before he became an adult has been conduct that is mired in the criminal justice system, both in the juvenile and the adult system. And, therefore, I don't think that Sanford is a place for him. The relationship that he's beginning to establish with his father it seems to me can be carried on elsewhere, and there is an ease of enforcement that accompanies a blanket prohibition of his presence in either of those towns that ought to be of some comfort to the Gilman family.

> convicted person or the public safety or security.
>
> 3. The convicted person shall be given an opportunity to address the court on the conditions which are proposed to be at-

[¶ 11] To the extent that Nolan has a valid reason to enter the Towns of Sanford and Wells after his period of incarceration and he can demonstrate that the court's concerns about his presence in Sanford can be minimized, he may at that time seek a modification in the conditions of his probation. 17–A M.R.S.A. § 1202(2). Under the circumstances of this case, we cannot conclude that the trial court exceeded the bounds of its discretion when it banished Nolan from Sanford during the five-year probationary period.

The entry is:

Sentence affirmed.

tached and shall, after sentence, be given a written statement setting forth the particular conditions on which he is released on probation.

17–A M.R.S.A. § 1204.