Submitted May 28, 2015, affirmed August 17, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RODNEY JONATHAN GRAY,
*Defendant-Appellant.*

Lane County Circuit Court
221304805; A156365

380 P3d 1082

Debra K. Vogt, Judge.

Peter Gartlan, Chief Defender, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael A. Casper, Deputy Solicitor General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and DeHoog, Judge.

**EGAN, J.**

Defendant appeals from the trial court's judgment revoking his probation. Defendant was placed on probation after a conviction for one count of felony assault, ORS 163.160, and two counts of coercion, ORS 163.275. Defendant's probation conditions restricted his ability to change residences without permission and required him to report to and abide by the direction of his supervising officer. ORS 137.540. Defendant violated those conditions by leaving a group home without notifying his probation officer. Defendant does not contest that he violated those probation conditions, but argues that the trial court erred because it was required—but failed—to determine that he violated those probation conditions willfully. The state responds that the trial court was required to conclude only that defendant had violated the terms of his probation. We conclude that ORS 137.540(6) did not require the court to determine that defendant had willfully violated the conditions of his probation before revoking his probation. Accordingly, we affirm.

Defendant's probation officer referred him to a residential group home. Shortly after defendant started living at the group home, staff reported to defendant's probation officer that defendant did not follow the rules and that defendant had left the group home after refusing to take a urine test. Defendant contended that he had been kicked out of the group home and forced to live on the street. After he left the group home, defendant claimed that he had called his probation officer twice and left two voicemails informing his probation officer where he would be. However, defendant's probation officer denied receiving any calls or voicemails from defendant.

After living on the street for two weeks, defendant asked someone to call paramedics so that he could go to the hospital. While defendant was in the hospital, he called his probation officer. The probation officer told defendant to report to him immediately upon discharge. When defendant reported to his probation officer, defendant was taken into custody for violating his probation.

At the probation hearing, defendant did not contest that he had changed his residence and had failed to report

to his supervising officer. Instead, defendant argued that his probation could be revoked only if the trial court determined that he had *willfully* violated his probation. The trial court concluded, "I don't have to make that finding. A willful violation, that finding is only if it's a money issue. I[t is] not a money issue." The trial court revoked defendant's probation after finding that he had violated his probation by changing his residence without permission and by failing to report to and abide by the directions of his supervising officer.

On appeal, defendant argues that *State v. Altman*, 97 Or App 462, 777 P2d 969 (1989), required the trial court to determine that defendant willfully violated his probation before his probation could be revoked. In *Altman*, we concluded that the trial court properly revoked the defendant's probation after it found that the defendant "willfully violated a condition of his probation." *Id.* at 466. Defendant interprets that statement to impose a requirement that the trial court find a willful violation of probation to support revocation for the violation. The state argues that the trial court is required to find only that defendant failed "to abide by all general and special conditions imposed by the court." ORS 137.540(6). The state argues that *Altman* establishes that a willful violation of probation is sufficient for revocation, but that *Altman* does not hold that willfulness is required.

ORS 137.540(6) provides that "[f]ailure to abide by all general and special conditions of probation may result in arrest, modification of conditions, revocation of probation or imposition of structured, intermediate sanctions in accordance with rules adopted under ORS 137.595." Nothing in the text of ORS 137.540(6) requires the trial court to determine that a person willfully violated probation before revoking probation. *See also* OAR 213-010-0001 ("The decision to revoke probation is discretionary and may be exercised upon a finding that the offender has violated one or more of the conditions of probation, or that the offender has participated in new criminal activity.") Additionally, *Altman* does not suggest otherwise.

In *Altman*, the defendant's probation officers went to the defendant's home to conduct a home visit, a condition of his probation. 97 Or App at 466. The defendant believed

that the officers were there to search his home for growing marijuana, and that it was not a condition of his probation that he had to permit his home to be searched. *Id.* The defendant would not allow the officers to enter his home. *Id.* We determined that the defendant had no right to refuse to allow the home visit, and that that refusal was a willful violation of his probation. *Id.* Although we concluded that the defendant willfully violated his probation, we did not conclude that willfulness was a requirement of ORS 137.540(6).

Here, defendant failed to obtain permission before changing his residence and failed to report to and abide by the directions of his supervising officer, both mandatory conditions of his probation. Thus, defendant violated the conditions of his probation, and the trial court's decision to revoke defendant's probation is consistent with ORS 137.540(6). We conclude that the trial court did not err when it revoked defendant's probation.[1]

Affirmed.

---

[1] We note that defendant's brief cites in passing two federal cases for the unremarkable proposition that "principles of fundamental fairness and due process limit the court's discretion to revoke probation." *Gagnon v. Scarpelli,* 411 US 778, 791, 93 S Ct 1756, 36 L Ed 2d 656 (1973), and *United States v. Dane,* 570 F2d 840, 844-45, *cert den,* 436 US 959 (1978)). Defendant does not, however, develop any meaningful argument that those principles required the trial court to find that his probation violation was willful before revoking his probation in this case. Accordingly, we express no opinion as to the potential merits of such an argument.